236     MODERN WOODMEN OF AMERICA *v.* DAVIS.     [184 Ill.

THE MODERN WOODMEN OF AMERICA

*v.*

MYRTA DAVIS.

*Opinion filed February 19, 1900.*

1. ESTOPPEL—*what is necessary to raise estoppel from proofs of death.* In order that an estoppel to claim mortuary benefits may be based on statements in the proofs of death, it is essential that the statements were made with the intention that the insurer act thereon, and that the insurer did act thereon to its injury.

2. BENEFIT SOCIETIES—*proofs of death form a legal basis for an action on the benefit certificate.* Proofs of death, if in compliance with the requirements of the society, form a legal basis for an action on the benefit certificate, even though the proofs contain matter damaging to the case of the beneficiary.

3. SAME—*beneficiary not estopped to deny the physician's statement in proofs of death.* A beneficiary is not estopped to deny the truth of the physician's affidavit as to cause of death, required by the rules of the society to be filed with the proofs of death.

4. EVIDENCE—*when performance of conditions of certificate of membership need not be proved.* It is not incumbent upon a beneficiary to prove compliance by the insured with all conditions of the certificate of membership and the fundamental laws of the society, where such performance is not put in issue by special plea.

5. SAME—*physician's affidavit as to cause of death is admissible.* The physician's affidavit as to the cause of the insured's death is admissible in evidence with other papers constituting proofs of death.

6. APPEALS AND ERRORS—*when error in refusing to admit physician's affidavit is harmless.* Error in refusing to admit in evidence an affidavit of a physician concerning the cause of the insured's death, and constituting part of the proofs of death, is harmless, where the physician is permitted to testify fully upon the matter covered by the affidavit.

7. SAME—*rulings of trial court accepted as correct unless contrary is shown by the record.* The rulings of the trial court must be accepted

as correct by a court of review unless the contrary is made to appear by the record of the case.

8. SAME—*cause of death is a question of fact in an action on certificate.* Whether the insured had indulged in the use of intoxicating liquor so as to permanently impair his health or produce delirium tremens is a question of fact, upon which the judgments of the trial and Appellate Courts are conclusive.

*Modern Woodmen* v. *Davis,* 84 Ill. App. 439, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Champaign county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

J. W. WHITE, L. A. SMYRES, and F. M. GREEN & SON, for appellant.

J. L. RAY, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellee brought assumpsit in the Champaign circuit court to recover as beneficiary under a benefit certificate of membership issued by the appellant order to Sylvester M. Davis, her husband, now deceased. She was awarded judgment in the sum of $2000, and on appeal the judgment was affirmed in the Appellate Court. This is the further appeal prosecuted by said order.

The benefit certificate contained a provision that the certificate should become void if the assured member should "become so far intemperate * * * as to permanently impair his health or to produce delirium tremens.". The appellant order filed a special plea to the declaration, in which plea it was alleged it appeared from the notice and proofs of death of the assured forwarded to the order by the appellee, the assured died from acute alcoholism, and that by such statement appellee became estopped to claim the mortuary benefit provided by the certificate of membership. It was not error to sustain the demurrer to the plea. Any statement contained in

the notice and proofs of death was available to the order as evidence in the nature of admissions made by the plaintiff in the action, but we find nothing in the averments of the plea upon which to base the contention an estoppel arose. That the statement in the proof of loss was made with the intention the order would act upon it, and that the order did act upon it and changed its position to its injury, was at least essential to the creation of an estoppel. But the pleas contained no such averments. The admission referred to in the plea was found in the affidavit of the physician who attended the assured during his last illness. This affidavit was filed in obedience to a rule of the order. Proofs of death, if in compliance with the requirements of the order, form a legal basis for an action on a certificate issued by the order, even though the proof contain matter damaging to the case of the beneficiary. (13 Am. & Eng. Ency. of Law, 65.) The real cause of death remained a question of fact, in the elucidation whereof the beneficiary was not restricted to the testimony of the physician. Her right to recover could not be conclusively determined from the affidavit of the physician filed by her, because the rule of the order required it to be filed. Nor was she estopped to combat the truth of the affidavit of the physician. (*Bent* v. *Northwestern Aid Ass.* 41 N. W. Rep. 1037.) The proofs of death were admissible in evidence. Such proofs included the affidavit of John A. Hoffman, M. D., to the effect the immediate cause of death of the assured member was "acute alcoholism." The court refused to permit the order to introduce this affidavit, as being part of the proofs of death, to the jury, but required the affidavit to be detached and admitted the remainder of the papers constituting the proofs. In so doing we think the court was in error. The appellant order, however, produced the affiant physician as a witness. His testimony occupies ten type-written pages of the record, and discloses in detail all that was within the knowledge of the

witness as to the habits and affliction of the deceased. In the course of his testimony the witness expressed to the jury orally, more than once, the same opinion as to the cause of the death of the assured as that set forth in the affidavit which the court erroneously excluded. It is not contended the written statements of the physician as set out in the affidavit are more explicit, emphatic or convincing than his oral statements as a witness. The error in excluding the affidavit, can therefore but be regarded as harmless.

It does not in any manner appear in the record what appeared on page 44 of the records kept by the local camp of the order, hence we cannot determine the contention the court erred in refusing to allow said page of the record to be read in evidence to the jury. The rulings of the trial court are to be accepted as correct by a court of review unless the contrary is made to appear by the record of the proceedings in the cause.

The court declined to instruct the jury, as asked by the appellant order in the third refused instruction, that it was incumbent on the plaintiff to establish by the proof the assured had complied with all of the conditions set forth in the certificate of membership, or as asked in the fourth refused instruction, that their verdict should be for the defendant unless it appeared affirmatively in the evidence the assured had complied with all the fundamental laws of the order. The performance of condition subsequent need not be proven unless put in issue by special plea. 11 Ency. of Pl. & Pr. 422.

Whether the decedent had indulged in the use of intoxicating liquor so as to permanently impair his health or produce delirium tremens was a question of fact, and is conclusively determined by the verdict of the jury and the judgments of the trial and Appellate Courts.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*