# Equitable Life Assurance Society of U. S. *v.* Golson.

### *Action on Insurance Policy.*

(Decided Feb. 4, 1909.     Rehearing denied April 6, 1909.—48 South. 1034.)

1. *Insurance; Life Insurance; Forfeiture; Failure to Pay Premium.*—Unless the policy so provides, the failure to pay the premium does not forfeit the contract.

2. *Same.*—Within the limitation of the statute, a condition that a life policy shall be forfeited for non payment of any premium is a

condition subsequent, and non performance avoids the policy unless waived.

3. *Same.*—A condition in a life policy providing a forfeiture for non payment of premium is for the benefit of the insurer, and strictly construed; a forfeiture will not be enforced unless such is the plain meaning of the contract.

4. *Same.*—Where the policy provides that on default in any annual premium after the 3rd premium has been paid, the policy may be surrendered for a non participating paid up policy, providing the policy be returned to the insurer within six months after date of default, otherwise the policy shall cease, does not provide a forfeiture of the policy within six months from default; after default insured has under such provision six months in which to elect, to surrender the policy and get paid up insurance or to pay the premium, should he decide not to surrender the policy; on failure to elect the policy does not become forfeited for six months after default.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Mary W. Golson against the Equitable Life Assurance Society of the United States to recover on a life policy. From a judgment for plaintiff, defendant appeals. Affirmed.

The suit was for the sum of $2,500, the face of the policy. The pleas admitted an indebtedness of $909.60 as paid-up insurance under the terms of the policy, but sought to defeat a recovery upon pleas setting up the conditions of forfeiture,, which are fully set out in the opinion of the court. The proof showed that the insured died on the 8th day of June, 1907, and that the defendant had notice of the same, and that the annual premium was payable on or before the 7th day of March in each year, default in which occurs six months after said date.

C. D. CARMICHAEL, for appellant. The court, in order to avoid a forfeiture, cannot go farther than a fair construction of the language used will permit.—25 Cyc. 740. By a failure to pay a forfeiture happened.— *Imperial L. Ins. Co. v. Glass,* 96 Ala. 568; 25 Cyc. 828; *Brooklyn L. I. Co. v. Bledso,* 52 Ala. 551. A failure to

pay at maturity works a forfeiture.—2 May on Insurance parag. 341 and 729. The following case contained a forfeiture provision substantially the same as the case at bar.—*Equitable L. A. S. v. Babbett,* 89 Pac. 531; *Inloes v. Prudential I. Co.,* 82 S. W. 1089. A forfeiture would result in a failure to surrender the policy within the six months period.—117 U. S. 411.

W. O. MULKEY, for appellee. Failure to pay premium on insurance does not of itself forfeit the contract unless the policy or some part thereof provides.—7 Ohio S. & C. P. Dec. 118; 62 N. Y. Sup. 553; 104 Ga. 256; 212 Ill. 134; 25 Cyc. 828; 2 May on Ins. The conditions leading up to the forfeiture must clearly and certainly exist before it can be invoked by the company.—3 Cooley's Brief On Ins. p. 2259; 187 Mass. 8; 127 Fed. 651. Where the assured died before the expiration of the period of grace without having made the payment the right of recovery on the policy is not affected.—*McMaster v. N. Y. Ins. Co.,* 90 Fed. 400; *Lovell v. St. L. M. L. Ins. Co.,* 111 U. S. 264; 25 Cyc. 790.

ANDERSON, J.—It has been almost universally held that the failure to pay the premium on an insurance policy does not, of itself, forfeit the contract, unless the policy so provides.—25 Cyc. 824, and authorities cited in note 64. It is true the policy may contain a valid condition, within the limitation of the statute, that it may be terminated or forfeited upon a failure to pay any premium or installment at the time specified in the contract, which would be a condition subsequent, and the nonperformance of which would avoid the policy, unless waived by the insurer. Such a condition, however, being for the benefit of the company, is to be strictly construed, and a forfeiture will be enforced only when

it appears that such is the plain intent and meaning of the contract; and if there are repugnant conditions the court will enforce such as are in favor of the insured and will prevent a forfeiture.—8 Cyc. 821; *Ferguson v. Union Mutual Co.*, 187 Mass. 8, 72 N. E. 358; *McMaster v. Life Ins. Co.* (C. C.) 90 Fed. 40.

The pleas in the case at bar do not attempt to defeat a recovery upon the policy entirely, as they concede the plaintiff's right to recover the surrender value of the policy, but claim that the original policy was forfeited for nonpayment of the premium, which matured less than six months before the death of the insured. The forfeiture relied upon in the pleas is as follows: "If premiums upon the policy for less than three complete years of assurance shall have been duly received by the society, and default shall be made in the payment of a subsequent premium, the policy may be surrendered for a nonparticipating paid-up policy, for the entire amount which the full reserve on the policy, according to the present legal standard of the state of New York, will then purchase as a single premium, calculated by the regular table for single-premium policies, now published by the society, provided that the policy be returned to the society duly receipted within six months after the date upon which the last premium in default has fallen due; otherwise, the policy shall cease and determine, and all premiums paid thereon shall forfeit to the society."

We do think that this clause provides for a forfeiture of the policy inside of six months after default in the payment of the premiums, unless the insured during that time surrenders the policy and gets a paid-up one under the terms of the contract, and thus releases himself from liability for unpaid premiums. In other words, the clause means that after default in any premium, after the third one, the insured has six months within

which to elect to surrender the policy and get paid-up insurance, to the extent of what he has paid in, or to pay the premium, should he decide not to surrender the policy, and when he has failed to so elect, notwithstanding the premium is unpaid, the policy does not become forfeited for six months after said premium becomes due. The policies considered in the Alabama authorities cited by counsel for appellant contained a clause making the life of the policy dependent upon the payment of the premiums.

The special pleas failing to show that the original policy had been forfeited before the death of the insured, the trial court properly sustained the demurrer thereto. The judgment of the circuit court is affirmed.

Affirmed.

TYSON, C. J., and DENSON, McCLELLAN, and MAYFIELD, JJ., concur.