[Continental Casualty Co. v. Ogburn.]

# Continental Casualty Co. *v.* Ogburn.

## *Action on Insurance Policy.*

(Decided November 23, 1911. Rehearing denied February 15, 1912.
57 South. 852.)

1. *Insurance; Policy; Forfeiture Clause.*—The rule that insurance contracts will be strictly construed against the insurer should be especially followed as to clauses working a forfeiture.

2. *Same; Accident Insurance; Construction.*—Parts one and two of the policy stated and it is held that a death loss under such policy was expressly limited to an injury described in part one, which must have resulted necessarily and solely therefrom within 90 days after its infliction, and hence, an objection that the provisions of part one were inapplicable in case of loss by death, cannot be sustained.

3. *Same; At Once; Immediately.*—Where the policy owner is insured against bodily injuries caused through external, violent and purely accidental means, causing at once and continuously after the accident total inability to engage in any and ·every labor or occupation, etc., the term, "at once' or "immediately" must be construed as adverbs of time and not causation, and are not intended to mean reasonable time, but rather presently or without any substantial interval between the accident and the disability.

4. *Same; Proof of Loss; Waiver.*—Where preliminary proofs of loss are presented in due time to the insurer, defects therein may be waived by failure to object to them on that ground, or by refusing to pay for any reasons other than defects in the proof.

5. *Appeal and Error; Joint Assignment; Review.*—Unless sustainable on all grounds, a joint assigament of error will be overruled.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Lula Ogbuin against the Continental Casualty Company on an accident and death policy. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Plea 6, after quoting part 1 of the contract as set out in the opinion, avers that the insured did not receive personal bodily injuries which caused at once and continuously after the accident a total inability to engage

in any and every labor or occupation. The demurrers to this plea were that it is not shown that the provisions referred to would be operative in case of loss by death. It is affirmatively shown in said plea that the provision therein set out is not applicable in the case of death. Plea 4 sets out the policy requirement as to proof of injury, fatal or nonfatal, and avers a failure to comply therewith, with the further averment of the clause of strict compliance in said policy. The third replication to this plea sets up a waiver of the benefit of this provision, in that there was an absolute denial of liability, on the ground that the insured died of a disease, and not as the result of an accident. The seventh replication sets up that proof of death was made, and no objection was ever made to the sufficiency of such proof, but that the proof was retained without objection made within a reasonable time.

CHARLES A. CALHOUN, MANTON MAVERICK, and M. P. CORNELIUS, for appellant. The court erred in sustaining demurrers to plea 6.—*Aetna L. I. Co. v. Laster,* 153 Ala. 63; *U. S. H. & A. Co. v. Veitch,* 161 Ala. 631. The court erred in overruling defendant's demurrer to replications 3 and 7.—*Cent. C. I. Co. v. Oates,* 86 Ala. 569; *McKemie v. Forbes P. Co.,* 155 Ala. 261. The court erred in denying's defendant's motion to exclude the evidence and direct a verdict for defendant on the ground that plaintiff had failed to sustain her allegation that final proofs were filed on Sept. 13th, and on account of her total failure to show compliance with the proof requirements of the policy.—*Lee v. DeBardelaben C. & I. Co.,* 102 Ala. 628; *Ala. Nat. Bank v. Halsey,* 109 Ala. 197. It is the duty of the court to construe all writings introduced in evidence.—*Ga. H. I. Co. v. Allen,* 119 Ala. 436. Mere silence on the part of the

insurer is not sufficient to constitute a waiver and does not constitute a fraud on plaintiff.—1 Cyc. 279; *Cent. C. I. Co. v. Oates, supra.* Counsel discuss the action of the court in overruling motion for new trial with citation of authority.

RIDDLE, ELLIS, RIDDLE & PRUET, and BLACK & DAVIS, for appellee. A joint assignment is not sustained unless all parts thereof are good.—*A. G. S. v. Clarke,* 145 Ala. 466. Part 1 has no application to an injury causing death in so far as total inability to work is concerned.—4 Cooley on Ins. 3170; 19 Fed. 63; 99 N. W. 672; Richard on Ins. 548. Denial of liability on grounds other than lack of proof is a waiver of the right to demand proof.—*Ga. Home v. Allen,* 128 Ala. 451; *Fireman's I. Co. v. Crandall,* 33 Ala. 9. Where the proofs furnished are imperfect and are held by the insurer for an unreasonable length of time without objection, or without demanding fuller and more perfect proof, it will constitute a waiver.—*Acme I. Co. v. Adler,* 71 Ala. 526; *Fire I. Co. v. Felrath,* 77 Ala. 200; *Royal I. Co. v. Taber,* 124 Ala. 681; 68 L. R. A. 285; 45 Atl. 111. The evidence of waiver established replications 3 and 6.— Authorities supra.

ANDERSON, J.—"Insurance policies are framed by insurance companies with great care and caution, with a view of limiting their liability as much as possible; and in most cases impose conditions and duties on the assured, to be performed with marked particularity. They should be and are liberally construed in favor of the assured, which conditions and provisions are strictly construed against the insurer."—*Piedmont Co. v. Young,* 58 Ala. 486, 29 Am. Rep. 770. And this rule is especially followed in dealing with forfeiture clauses of

insurance contracts.—*Equitable Co. v. Golson,* 159 Ala. 508, 48 South. 1034. On the other hand, courts are not at liberty to make new contracts for parties, and where the language is unambiguous, and but one reasonable construction of the contract is possible, the court must expound it as made, however hard it may operate on the parties; for in contracts of insurance, as in other contracts, the rights of the parties are determined by the terms of the instrument as far as they are lawful. —1 Encyc. L. & P. 323.

Part 1 of the contract in question, being the insuring clause for accident, says: "If the insured while this policy is in force shall receive personal bodily injury (suicide sane or insane not included) which is effected directly and independently of all other causes through external, violent and purely accidental means, and which causes at once and continuously after the accident total inability to engage in any and every labor or occupation, the company will pay indemnity for loss of life, limb, limbs, sight or time resulting therefrom." Part 2, in fixing the compensation for loss of life, limb, etc., says: "If, within ninety days from the date of the accident, any one of the following losses shall result *necessarily* and *solely* from *such injury* as is described in part 1, the company will pay subject to the provisions of part 6." It then proceeds to fix the sum for loss of life, limbs, etc. It must be observed that the death loss is expressly referable to such injury as is described in part 1, and which must have resulted *necessarily* and *solely* therefrom, and within 90 days after the infliction of same; that is, the assured must have sustained an injury, through external, violent, and purely accidental means, and which *cause at once* and *continuously* after the accident total inability, etc., and his death must have resulted within 90 days from such an

accident so sustained in order to entitle the beneficiary to the death claim as provided by part 2., Plea 6 is couched in the language of the policy contract, and the demurrers, which make the point that the accident as described in part 1 has no application to the death feature of the contract, should have been overruled, and the trial court committed reversible error in sustaining same. In the case of *Rorick v. Railway Officials,* 191 Fed. 63, 55 C. C. A. 369, the court held that the death clause of the policy was not controlled by the clause defining the nature and character of the accident, though there is a strong dissenting opinion by Gilbert, C. J. Whether this case is sound or not, it can be differentiated from the case at bar as the death clause there provided for "loss of life, occurring within ninety days from the date of the accident causing the fatal injury," and did not refer to the part of the policy defining the accident or requiring that death should result necessarily and solely from such injury as so described, as does the policy contract in question. As to the meaning of the injury as described, this would arise upon a construction of the plea, as it is couched in the language of the contract and was not subject to the plaintiff's demurrer.

It is sufficient to say that the terms "at once" and "immediately," as used in the accident policies, in dealing with the nature and character of the disability, have been construed by a majority of the courts as adverbs of time and not causation, and that they do not mean a reasonable time, but mean presently or without any substantial interval between the accident and the disability.—1 Encyc. L. & P. 332; Cooley's Briefs on Insurance, vol. 4, pp. 3168, 3169; *Williams v. Preferred Ass'n,* 91 Ga. 698, 17 S. E. 982; *Vess v. United Society,* 120 Ga. 411, 47 S. E. 942; *Pepper v. Order of America,* 113 Ky.

918, 69 S .W. 956; *Merrill v. Travelers' Co.,* 91 Wis. 329, 64 N. W. 1039; *Preferred Ass'n v. Jones,* 60 Ill. App. 106; *Ritter v. Accident Ass'n,* 185 Pa. 90, 39 Atl. 1117; *Pac. Mutual Co. v. Branham,* 34 Ind. App. 243, 70 N. E. 174.

"It has been held by this and other courts that where the preliminary proofs of loss are presented to the insurer in due time, and they are defective in any particular, these defects may be waived in either of two modes: First, by a failure of the insurer to object to them on any ground, within a reasonable time after receipt; in other words, by undue length of silence after presentation. And, second, by putting their refusal to pay on any other special ground than such defect of proof. The reason is that fair dealing entitles the assured to be apprised of such defect, so that he may have an opportunity to remedy it before it is too late."—*Central Ins. Co. v. Oates,* 86 Ala. 568, 6 South. 84, 11 Am. St. Rep. 67, and cases there cited. Replications 3 and 7 to plea 4 seem to conform to the above-quoted authority and were not subject to the defendant's demurrers which were properly overruled by the trial court. Moreover, the assignment of error as to said replications was joint, and the trial court could not be reversed unless both of them were subject to the demurrers.—*A. G. S. R. Co. v. Clarke,* 145 Ala. 460, 39 South. 816. Nor can we say that the trial court erred in refusing the general charge for the defendant, upon the theory that the plea was proven and the plaintiff failed to prove said replications. The plaintiff addressed a letter to the defendant dated September 9th, which was received within 30 days after the death of the insured, informing it of the claim, death of the insured, and the cause of same, which was treated with silence. Then, too, the defendant, on September 21st (after receipt of her letter and

within 30 days after the death of her husband), wrote her, making no allusion to said defective proof sent them or to her demand, settling with her on the disease rather than accident basis, and demanding a surrender of the policy. The jury could well infer a refusal to pay the death claim, not for failure to furnish the requisite proof, but upon the ground that the death of the assured resulted from disease and not from accident.

Since this case must be reversed, it is needless for us to determine whether or not the trial court erred in refusing a new trial because the verdict was palpably contrary to the great weight of the evidence.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur, except McClellan, J., not sitting.

