# Bickley, McClure & Co. v. Porter, et al.

### Claim Suit.

(Decided May 20, 1915.　Rehearing denied June 30, 1915.
69 South. 565.)

1. *Execution; Claim; Equitable Defenses.*—Under section 6039, Code 1907, equitable matters, as that the execution plaintiffs are bound by an agreement between the execution debtor and creditors whereby claimants were to take the property of the execution debtor and administr it for the payment of his debts, are available in claim suits.

2. *Appeal and Error; Variance; Objection in Lower Court.*—Under rule 34, Circuit Court Practice, the trial court will not be put in error because of a variance unless the variance was called to its attention in an appropriate way.

3. *Assignments; Benefit of Creditors; Validity.*—An agreement by a debtor with his creditors, the debtor not really being insolvent, but unable to convert his property into cash with which to pay his creditors, that certain persons should take his property and administer it, for the purpose of paying his debts in full, is valid and enforceable.

4. *Same; Creditors Affected.*—The fact that certain creditors reserved the right to reduce their claim to judgment, is not conclusive that they are not otherwise bound by an agreement between the debtor and the creditors that certain persons should take the property of the debtor and administer it for the purpose of paying his debts in full.

5. *Executions; Claim; Evidence.*—As tending to show that the execution plaintiffs were parties to an agreement with the creditors of the execution debtor, whereby a committee should take his prop-

erty and administer it to pay his debts, such committee, claiming the property, could show that after the agreement payments were made to plaintiffs in execution in pursuance of the agreement.

6. *Same.*—Conversations between the attorney for the execution debtor, and another attorney acting for plaintiff, relating to the agreement between the debtor and some or all of his creditors for administration of his property by a committee, and tending to show whether plaintiffs were parties to it, may be given in evidence by the attorney for the debtor in a claim suit by such committee.

7. *Same; Instruction.*—Where the action was a claim suit instituted by a committee, and the result depended on whether plaintiffs in execution were parties to and bound by the agreement between debtor and his creditors for administration of his property by the committee for the payment of his debts, a charge asserting that the intention of parties governs in a contract, and that if the jury are satisfied from the evidence that plaintiffs reserved the right to reduce their claim to judgment, and did so reduce it, it would be a lien on the property levied on, after being recorded, and that it was recorded before the deed of trust was recorded, was misleading and properly refused.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

Claim suit between Bickley, McClure & Co., plaintiffs in execution, and R. A. Porter and others, claimants. Judgment for claimants, and said plaintiffs appeal. Transferred from the Court of Appeals of Alabama under section 6, Act April 18, 1911 (Gen. Acts 1911, p. 449), Affirmed.

The plaintiffs were judgment creditors of the B. C. Bynum Mercantile Company, and had execution issued and levied upon certain personal property as the property of the defendant in execution. This property was claimed by Porter and others, as a committee of three, under the facts and circumstances as set out in the opinion.

The following is charge 7 refused to plaintiffs in execution:

(7) The intention of parties governs in a contract, and if you are satisfied from the evidence in this case that plaintiffs reserved the right to reduce their claim to judgment, and did reduce it to judgment, following

[Bickley, McClure & Co. v. Porter, et al.]

said right to reduce it to judgment, then said judgment would be a lien on the property levied on from and after the date it was recorded, and I charge you that said judgment was recorded on July 19, 1912, before the deed of trust was recorded.

WALTER S. SMITH, for appellant.

CORNELIUS & CORNELIUS, for appellee.

MAYFIELD, J.—This is a claim instituted by appellees. Appellants claimed the property as execution creditors of B. C. Bynum Mercantile Company; and appellees claimed the property as a committee of three, appointed by the execution debtor and a majority of his creditors, averring that they, as such committee, took possession of the property to administer it for the benefit of all the defendant's creditors, including appellants.

(1) There is no dispute that appellants were judgment and execution creditors of the defendant in execution, nor that the goods levied upon belonged to the defendant and were subject to the execution, unless the appellants were bound by an agreement among the creditors and the defendant in execution whereby the appellees were to take the property of the defendant and administer it in accordance with certain stipulations. If the appellants are bound by that agreement, then in equity and good conscience they ought not to take the property from the committee and subject it exclusively to their judgment; equitable defense, under our statute, being availing in this kind of action.— Code, § 6039.

There is no dispute that an agreement was made between the debtor and his creditors by which the appel-

lees were appointed as a committee; that the property was delivered by the debtor to this committee, and that they were administering it for the purpose of paying the debts of the debtor; nor that the appellants had notice of the agreement. But there is a dispute as to whether or not the appellants agreed to the arrangement or were bound, or intended to be bound, thereby. In fact, this is the only real dispute, and on this issue the result of the claim suit depended.

(2) It is first insisted that there was a variance, in that the claimants claimed the property as individuals, and the proof showed that their title was held in their respective capacity, as a committee of the creditors. There is nothing in this point. The claimants made no claim, except in the capacity of a committee for the creditors; and if there was anything in the point, the question was not raised as required by rule 34, Circuit Court Practice (175 Ala. XXI).

(3) It is contended by appellants that this case falls within the rule announced in the case of *Henry v. Murphy,* 54 Ala. 246, 253, to the effect that any private or secret agreement between an embarrassed debtor and one or a part only of his creditors, whereby there is a composition of the debts, is void as to the other creditors not so agreeing. Such, however, is not the case before us; there was no composition with a part only of the creditors, whereby it was intended to bind others. The debtor was not really insolvent; it was merely unable to convert its property into money with which to pay all in full; and the disputed question of fact, as we have before said, was whether appellants were parties to the agreement and bound by it.

(4) Appellants contend that while they knew of the agreement, and their attorney was present at some of

the meetings to originate or perfect the plan, it was agreed and understood that the appellants reserved the right to reduce their claim to judgment, that they did so, and thereby acquired a lien by virtue of the statute as to the registration of judgments, which lien was paramount and superior to the rights of the debtor, of the committee, or of the other creditors. If the appellants had this agreement and understanding that they should so reduce their claim to judgment, it does not necessarily follow that they were not otherwise bound by the agreement. It would still be a question of fact for the jury, under all the evidence, whether they could or should enforce that judgment by selling the property which was turned over to the committee under the agreement.

(5) There was no error in permitting proof by the committee as to payments made to appellants, after the agreement, and as to whether they were made in pursuance of the agreement, or contrary thereto. This would tend to show whether or not the appellants were parties to the agreement of the defendant with the creditors, and to sustain the right of the committee to hold the property for the purposes so agreed upon.

(6) There was no error in allowing Mr. Fitts, attorney for the debtor, to testify as to conversations had between himself and Mr. Smith, who was acting as attorney for some of the creditors, appellants here. These conversations related to the agreement between the debtor and its creditors, and tended to show whether or not appellants were parties to the agreement, and if so, to what extent they were bound thereby.

(7) Charge 7 was calculated to mislead the jury, and was therefore properly refused.

The appellants were not entitled to the affirmative charge, and hence the other charges requested by them

were properly refused; all of them being in effect affirmative charges for the plaintiffs.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, and THOMAS, JJ., concur.