# Finney *v.* Studebaker Corporation of America.

## Assumpsit.

(Decided May 18, 1916.   72 South. 54.)

1. **Sales; Vesting Title.**—Where the seller of three automobiles shipped them with bill of lading attached to draft, which was understood by the purchaser to be a shipment C. O. D., but omitted the price of one of the cars from the draft, the seller did not part with the title to such car.

2. **Actions; Common Count; Waiving Tort.**—The sale of an automobile by the purchaser without the consent of the seller, title having been retained by the seller, was a conversion of the property by the party who sold it, and the seller could maintain trover, or could waive the tort, and recover upon

[Finney v. Studebaker Corporation of America.]

the common count after the disposition of the property for money or other property.

3. **Principal and Agent; Payment by Agent; Following Funds.**—Where an agent improperly paid over funds to another who acquires the money so paid for a valuable consideration and without notice, the principal cannot recover the funds unless they can be identified.

4. **Appeal and Error; Review; Finding of Trial Court.**—Where the evidence is given ore tenus, or partly so, the appellate courts will not disturb the finding of the trial courts unless plainly contrary to the great weight of the evidence.

5. **Same.**—Acts 1915, p. 824, merely dispensed with the jury trial unless demand is made, and does away with the necessity of excepting to the conclusion and finding of the trial court upon the facts, and does not change the rule as to the weight given the finding of a trial court upon the facts.

APPEAL from Madison Circuit Court.

Heard before Hon. R. C. BRICKELL.

Action by the Studebaker Corporation of America against D. C. Finney. Judgment for plaintiff and defendant appeals. Affirmed.

Transferred from the Court of Appeals.

S. S. PLEASANTS, for appellant. LANIER & PRIDE, for appellee. .

ANDERSON, C. J.—(1, 2) It can scarcely be contended that it was not the understanding between all parties concerned that the three automobiles were to be shipped C. O. D.; that is, the bill of lading was to be attached to draft for purchase price, and was to be delivered to the consignee upon payment of the draft. It is also in effect admitted that in drawing the draft the plaintiff omitted from the same, by mistake, the price of one of the machines covered by the bill of lading, being the particular machine sold through the Athens agency to Gladish, and there is little or no doubt but what the appellant, Finney, as well as Owen Graham, not only knew of the terms of sale, but knew when paying the draft and getting the bill of lading, under which possession was obtained of all three of the motor cars, that the price of this one had been omitted from the draft, by accident or mistake, and that the plaintiff had not therefore parted with the title to said car. The plaintiff not having parted with the title to the car in question, the sale of same either by Graham or Finney was a conversion of the plaintiff's property, and for which it could have maintained trover, or could waive the tort action and

recover upon the common counts after a disposition of the car for money or other property by Graham and Finney, or either of them.—*Moody v. Walker*, 89 Ala. 619, 7 Suth. 246; *Lytle v. Bowdon*, 107 Ala. 363, 18 South. 130; *Bradford v. Patterson*, 106 Ala. 397, 17 South. 536. There is no dispute over the fact that the car was sold through an Athens agency, Graham claiming that Finney made or authorized the sale, while Finney claimed that he had nothing to do with the sale of the car in question, but admits that Graham turned over to him $777 of the purchase money, which he knew was the proceeds of the sale of the car, less the commission of $100 retained by Graham.

"It is well understood everywhere that the action for money had and received is a liberal and equitable action, and upon principles of natural justice and equity will be supported, when the defendant has received money which in good conscience he ought not to retain, and which, ex equo bono, belongs to the plaintiff. The law implies a promise that he will pay it; and the only privity between the parties that need be shown in such an action arises from this promise implied by law that the defendant, having in his hands money which belongs to the plaintiff, will pay it over to him."—*Steiner Bros. v. Clisby*, 103 Ala. 181, 15 South. 612; and cases there cited.

(3) This holding conflicts in no way with the case of *M. & M. R. R. Co. v. Felrath*, 67 Ala. 189, as we deal with a man who had notice that the money he received was the proceeds of the sale of the plaintiff's car, even if he was not a party to the sale. In the *Felrath Case, supra,* the court laid down the correct rule, that a principal could not recover money, though improperly paid over by his agent to another, which cannot be identified, if it was paid over to another who acquired it for a valuable consideration and without notice.

(4, 5) We think that the evidence in this case fully warranted the conclusion and finding upon the facts, by the trial court, sitting without a jury, but, as the evidence was ore tenus, or partly so, the trial court saw and heard the witnesses; and had an advantage over this court in considering and weighing the evidence, and we would not disturb the conclusion unless plainly contrary to the great weight of the evidence.—*Thompson v. Collier*, 170 Ala. 469, 54 South. 493, and cases there cited. Whether or not the act of 1915 (page 824) should be applied to this case, it having been tried before the enactment of same, matters not,

[Fidelity-Phoenix Fire Insurance Co. v. Ray.]

as it does not change the rule as to the weight to be given a finding upon the facts by the trial court as laid down in the *Thompson Case, supra,* and cases there cited.—*Hackett v. Cash, infra,* 72 South. 52. This act merely dispenses with jury trial unless demand is made, and does away with the necessity of excepting to the conclusion upon the facts, in order to review same in the Appellate Court, and applies the same rule, and by similar language, as existed in practice acts considered and construed in the *Thompson Case, supra,* and cases there cited, and was re-enacted and extended to all trial courts with the settled interpretation that had been previously given same.—*Barnewall v. Murrell,* 108 Ala. 366, 18 South. 831.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.