(78 South. 792)

UNION MUT. AID ASS'N OF MOBILE v. CARROWAY. (1 Div. 32.)

(Supreme Court of Alabama. April 25, 1918.)

1. APPEAL AND ERROR ⊜⇒1010(1) —SCOPE OF REVIEW.

The conclusion of the trial court sitting without a jury is in lieu of the verdict, and the judgment will not be reversed unless from the record it plainly appears that the finding was not sustained by legal evidence.

2. APPEAL AND ERROR ⊜⇒1010(1)—SCOPE OF REVIEW.

The rule against reversal of the judgment of the trial court sitting without a jury, if sustained by legal evidence, does not apply where the court has erroneously excluded competent evidence.

3. INSURANCE ⊜⇒146(3) — CONTRACTS — CONSTRUCTION.

Forfeiture clauses of insurance contracts are to be liberally construed in favor of the insur-

---

ed unless the language is unambiguous and permits but one reasonable construction.

**4. INSURANCE ☞645(1)—DEFENSES—POLICY LIMITATIONS—BURDEN OF PROOF.**

Where health policy limited benefit for illness of or caused by la grippe to two weeks in each year, the fact that illness for which benefit was demanded was la grippe, or resulted therefrom, was a defensive matter to be pleaded and proved by the insurer.

**5. INSURANCE ☞550 — PROOF OF LOSS — EFFECT.**

In the absence of facts creating estoppel, the statement of insured in his proof of loss, as to the nature of his illness, is prima facie, but not conclusive, proof of the nature of the illness.

**6. INSURANCE ☞662(1) — EVIDENCE — PROOF OF LOSS.**

Statement in proof of loss by insured as to nature of illness is admissible against him, to show the nature of the illness.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by Frank Carroway against the Union Mutual Aid Association of Mobile. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, Act April 18, 1911, p. 449. Affirmed.

Bestor & Young, of Mobile, for appellant. Stevens, McCorvey & McLeod and D. B. Goode, all of Mobile, for appellee.

THOMAS, J. This suit was for sick indemnity alleged to have accrued on a policy of insurance.

[1] It has been declared that, where the evidence before the judge trying without a jury was developed ore tenus, or partly so, the finding in the trial court will not be disturbed unless that conclusion is plainly contrary to the great weight of the evidence. Ahlrichs v. Rollo, 76 South. 37;[1] Hackett v. Cash, 196 Ala. 403, 72 South. 52; Finney v. Studebaker, 196 Ala. 422, 72 South. 54; Gen. Acts, 1915, p. 824. Otherwise stated, the conclusion of the trial court is in lieu of the verdict of the jury, and the judgment of the court will not be reversed unless from the record it plainly appears that the finding was not sustained by the legal evidence.

[2] The rule is otherwise where the court has erroneously excluded competent evidence. Dargan v. Harris, 68 (Ala. 144; Woodrow v. Hawving, 105 Ala. 240, 16 South. 720; L. & N. R. R. Co. v. Solomon, 127 Ala. 189, 30 South. 491; City of Ensley v. Smith, 165 Ala. 387, 51 South. 343; Thompson v. Collier, 170 Ala. 469, 54 South. 493; Finney v. Studebaker Corporation, 196 Ala. 422, 72 South. 54.

A careful examination of the evidence convinces us that the judgment rendered was supported by the evidence. The suit was founded on two insurance contracts, executed by a mutual aid association, in which the association agreed to pay the assured a stipulated weekly indemnity in event of his sickness. The contracts contained the stipulation that the assured should give notice and make proof of sickness by the filing of the attendant physician's certificate, written upon the blanks furnished to members in the office of the association, and also the limitation: "But two weekly indemnity will be allowed for la grippe or disability resulting therefrom, in any twelve calender months."

[3] Courts generally have declared that contracts of insurance will be liberally construed in favor of the assured, and that, if doubtful, they will be construed against the insurer. Union Cent. Relief Ass'n v. Johnson, 73 South. 816;[2] Allen v. Standard Ins. Co., 73 South. 897;[3] Empire Life Ins. Co. v. Gee, 178 Ala. 492, 60 South. 90; Equitable Life Assurance Soc. v. Golson, 159 Ala. 508, 48 South. 1034; National Life & Accident Ins. Co. v. Lokey, 166 Ala. 174, 52 South. 45; Piedmont Co. v. Young, 58 Ala. 476, 29 Am. Rep. 770; Mobile Marine Dock & Mutual Ins. Co. v. McMillan & Son, 27 Ala. 77. This rule is especially followed in dealing with forfeiture clauses of insurance contracts. Equitable Soc. v. Golson, supra; Continental Casualty Co. v. Ogburn, 175 Ala. 357, 57 South. 852, Ann. Cas. 1914D, 377. Where the language is unambiguous, and but one reasonable construction of the contract possible, the court must expound it as made by the parties. Union, etc., Ass'n v. Johnson, supra; Empire Co. v. Gee, supra.

[4] Under the clause of said contracts limiting liability to two weekly indemnities, for sickness designated la grippe, or for disability resulting therefrom, in any 12 calendar months, the illness of the plaintiff being shown, the burden of proof devolved on the defendant to show that his illness was la grippe or resulted therefrom, with consequent disability to plaintiff, and that defendant's liability therefor, that is, to pay not exceeding two weekly indemnities for and during the given 12 calendar months, had been discharged as per contract conditions. This limitation of liability, however, is in the nature of a forfeiture, for the benefit of the assurer, and is defensive matter to be pleaded and proved by the defendant. Equitable Life Assur. Society v. Golson, supra; Continental Casualty Co. v. Ogburn, supra; 25 Cyc. 925 et seq.

[5, 6] The proof of sickness was made by giving the notice and filing the certificate of the attending physician, as per contract stipulations. That the certificate contained a declaration against interest as to the cause or nature of plaintiff's illness is not conclusive proof of the matter admitted. On the trial the plaintiff in such a case is not estopped to show that the misstatement in the proof as to the nature or cause of his illness was the result of mistake or ignorance, or was made under a misapprehension of the facts; that is, in the absence of facts

[1] 200 Ala. 271.   [2] 198 Ala. 488.   [3] 198 Ala. 522.

creating an estoppel, as that the assurer has changed its position to its detriment in reliance on the statement of facts contained in the proofs furnished by the plaintiff, the assured may show the truth, and that the erroneous statement thereof contained in the proofs was the result of ignorance, mistake, or misapprehension of the true facts. 4 Cooley's Briefs, p. 3433 et seq.; 2 May on Insurance, § 465; 29 Cyc. 150; 8 Rose's Notes (U. S. Rep.) 491, 493; 13 Am. & Eng. Ency. Law (1st Ed.) 65; Knights Templars v. Crayton, 209 Ill. 550, 70 N. E. 1066; Supreme Tent v. Stensland, 206 Ill. 124, 68 N. E. 1098, 98 Am. St. Rep. 137; Modern Woodmen v. Davis, 184 Ill. 236, 56 N. E. 300; Bentz v. North Western, 40 Minn. 202, 41 N. W. 1037, 2 L. R. A. 784. Such preliminary proofs presented to an insurance company by an assured, in compliance with the conditions of the policy, are admissible as prima facie evidence of the facts stated therein, against the assured. Mutual Life Ins. Co. v. Newton, 22 Wall. 32, 22 L. Ed. 793.

If there was a variance between the allegations and the proof, the court's attention was not called thereto in an appropriate way, as is required by the rule (175 Ala. xxi, No. 34). Bickley v. Porter, 193 Ala. 607, 69 South. 565; Southern Railway Co. v. Jordan, 192 Ala. 528, 68 South. 418.

Let the judgment of the circuit court be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.