(92 South. 901)

### DAVIS v. WEBSTER LUMBER CO.
(8 Div. 441.)

(Supreme Court of Alabama. April 13, 1922.)

1. **Principal and agent** ⊗⇒171(5)—**Defendant, accepting timber with knowledge that her contractor had purchased it on her credit, liable.**

Where contractor purchased timber for use on defendant's premises, and defendant accepted this timber with knowledge that seller had extended the credit to her, defendant is liable, though she did not authorize contractor to make the purchase.

2. **Appeal and error** ⊗⇒1012(1)—**Trial court's finding not disturbed, unless contrary to clear weight of evidence.**

Where the evidence was ore tenus, the trial court's conclusion will not be disturbed on appeal, unless contrary to the clear weight of the evidence.

3. **Principal and agent** ⊗⇒166(6) — **Evidence held to support finding that defendant accepted timber on her building knowing contractor purchased it on her credit.**

Evidence held to support court's finding that defendant accepted timber for her building with knowledge that contractor had purchased it on defendant's credit.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

Assumpsit by the Webster Lumber Company, a partnership, against Nora Davis. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

One Nichols entered into a contract with Nora Davis to construct a garage and driveway for a fixed sum of money, completed a part of the contract, and the balance was completed by Nora Davis at her own expense. The plaintiff's evidence tended to show that Nichols ordered the lumber by phone from the Webster Lumber Company and told them to charge it to him or Miss Davis, and that defendant replied that they would charge it to Miss Davis and would not charge it to Nichols, whereupon they sent the lumber to Miss Davis' place, rendering her a daily statement therefor, and entering the same on their books to her by said Nichols. Defendant's evidence tended to show that she did not receive these statements, and that she did not authorize Nichols to charge the lumber to her.

Spragins & Speake, of Huntsville, for appellant.

The account was not an account stated. 1 C. J. 680. The statute as to a verified account is without application, where plaintiff appears to prove his account. 1 C. J. 664. The defendant was not liable under the facts. 205 Ala. 615, 88 South. 873.

Lanier & Pride, of Huntsville, for appellee.

Under the evidence the court properly found a judgment for the plaintiff. 3 Ala. 564; 13 Ala. 570; 66 Ala. 570; 2 C. J. 488; 21 R. C. L. 111.

ANDERSON, C. J. [1] While the evidence does not show that this appellant authorized Nichols to purchase the lumber for her from

the appellee, the plaintiff's evidence tends to show that she received and accepted the lumber with the knowledge that the credit for same was extended to her, and not Nichols, and, if this was true, the appellant was liable for same. Woodward Iron Co. v. Dabney, 205 Ala. 615, 88 South. 873; Ala. West. R. R. v. Bush, 182 Ala. 113, 62 South. 89; McFarland v. Dawson, 128 Ala. 561, 29 South. 327.

[2, 3] It is true the defendant denied the plaintiff's evidence as to the foregoing facts, but the evidence was ore tenus, and the trial court saw and heard the witnesses, and its conclusion is like unto the verdict of a jury, and will not be disturbed by this court, unless contrary to the great weight of the evidence. We do not think that the conclusion was contrary to the great weight of the evidence, and the judgment is affirmed. Finney v. Studebaker Co., 196 Ala. 423, 72 South. 54; Hackett v. Cash, 196 Ala. 403, 72 South. 52.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur. .