PER CURIAM.
Plaintiff/Appellant Nancy Willis Payne initiated this cause on February 11, 1981, with a two-count complaint. Count One sought payment based on an uninsured motorist provision in an insurance policy with Defendant/Appellee Alabama Farm Bureau Mutual Casualty Insurance Company, Inc., and claimed payment was due because of the allegedly negligent or wanton operation of a farm tractor by Defendant Steve Burnett, which caused personal injuries to the Plaintiff. Count Two sought damages against Burnett for Plaintiff’s injuries.
On March 18,1981, Farm Bureau filed its answer, alleging, inter alia, that the farm tractor involved in Plaintiff’s accident was excluded from the term “uninsured automobile” under its policy issued to Plaintiff.
On April 19, 1983, the trial court granted a motion by Farm Bureau for summary judgment on the issue of coverage under the policy, while at the same time entering an order absolving Defendant Burnett from any liability to Plaintiff.[1] This appeal followed. We affirm.
FACTS
On February 28, 1980, Plaintiff Nancy Willis Payne, along with a companion, was riding as a passenger on the hood of a farm tractor operated by Defendant Steve Burnett. A third individual, a friend of Burnett’s, was sitting on an implement being towed behind the tractor. According to Burnett, he and his friend had gotten on the tractor in Burnett’s yard, and had driven down Shelby County Road 35, where they picked up the Plaintiff and her companion. Burnett then drove the tractor approximately one and one-half miles down Highway 35, turned around, and headed back toward his home. Burnett admitted to “fooling around” in his operation of the tractor, by making it “jerk a little bit.” He stated that his foot slipped off the clutch pedal, causing the tractor to rear up and eject the Plaintiff and the other person on the hood. A portion of the rear tractor wheel ran over Plaintiff, causing serious personal injuries to her face and head.
At the time of the accident, the tractor was situated in the private driveway of Burnett’s neighbor, Mr. Charles Beam, where Burnett had stopped to visit another friend. The parties concede that the mishap occurred on “private” as opposed to “public” (i.e., Highway 35) property.
It is undisputed that Farm Bureau had issued an automobile insurance policy to Plaintiff, which was in full force and effect at the time of her accident. Pertinent portions of Plaintiff’s policy with Farm Bureau are set forth below:
“The Company will pay all sums which the insured or his legal representative shall be legally entitled to recover as *888 damages except punitive damages (other than for death) from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called ‘bodily injury,’ sustained by the insured caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile provided for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof shall be made by agreement between the insured or such representative and the Company or, if they fail to agree, by arbitration.
“(c) Uninsured Automobile.
“... [T]he term ‘uninsured automobile’ shall not include
“(vi) a farm tractor or equipment designed for use principally off public roads, except while actually upon public roads.” (Emphasis added.)
DECISION
Appellant argues that the above-noted exclusion, differentiating between the operation of farm equipment on and off “public” roads, is ambiguous, overly restrictive, and void as against public policy. Stated more succinctly, should a farm tractor be considered “actually upon public roads,” within the meaning of the uninsured automobile exclusion, when the accident in question occurs on private property which is merely a stop in an otherwise continuous trip being made upon a public highway?
On a motion for summary judgment (A.R.C.P. 56), all reasonable inferences from the facts are viewed most favorably to the nonmoving party, and the moving party is required to establish the absence of a genuine issue as to any material fact. Bryant v. Morley, 406 So.2d 394 (Ala.1981). If there is any evidence supporting the position of the party against whom the motion for summary judgment is made, so that an issue is entitled to go to the jury, summary judgment cannot be entered. Pittman v. Martin, 429 So.2d 976 (Ala.1983).
In McGifford v. Protective Life Insurance Co., 227 Ala. 588, 151 So. 349, 351-352 (1933), this Court said:
“Another familiar rule, obtaining in this court, as well as elsewhere, is that it is the duty and function of the court to construe and enforce the contract as it is written (Cherokee L. Ins. Co. v. Brannum, 203 Ala. 145, 82 So. 175; Day v. Home Ins. Co., 177 Ala. 600, 58 So. 549, 40 L.R.A. (N.S.) 652; Union Mut. Aid Ass’n v. Carroway, 201 Ala. 414, 78 So. 792) and not to attempt to make a new contract for the parties, nor, by implication or construction, to add to the contract words, terms, or conditions, exceptions, promises, or obligations which it does not contain (Montgomery Enterprises et a 1. v. Empire Theater Co., 204 Ala. 566, 86 So. 880, 19 A.L.R. 987; Continental Cas. Co. v. Ogburn, 175 Ala. 357, 57 So. 852, Ann. Cas. 1914D, 377).
“Another cardinal rule, enforced everywhere, so far as we are informed, is that, if the contract of insurance, in its terms, is plain, certain, and free from ambiguity, there is no room for construction, and it is the duty of the court to enforce it as written. 13 Corpus Juris, § 513, p. 541; New York Life Ins. Co. v. Torrance, 224 Ala. 614, 141 So. 547, and cases there cited.”
Considering in toto the objectives of uninsured motorist coverage, along with the common knowledge that farm equipment is presumed not to be intended for regular or continuous usage on public rights of way, we find nothing objectionable with the policy herein as written, or with the trial court’s interpretation thereof.
The fortuity of Plaintiff’s circumstances is not, we think, enough in itself to abrogate what we perceive to be a rational perception by insurance companies as to the intended place of use for farm equipment (i.e., off public highways).
*889 Regarding Plaintiff’s contentions that the policy language is itself ambiguous, we find it difficult to perceive how the language in question might be set forth with greater specificity. Consequently, we reject this argument as without merit.
The circumstances of this case, while unfortunate, do not compel reversal of a proper determination by the trial court. Accordingly, the judgment is due to be, and it is, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
MADDOX and JONES, JJ., recuse themselves.

. Although the notice of appeal includes Burnett as an appellee, the only issue presented relates to that portion of the trial court’s order granting Alabama Farm Bureau’s motion for summary judgment.