Leroy E. Nelson et al., Appellants, *v.* The Traders' Insurance Company of Chicago, Ill., Respondent.

Insurance (Fire) — Condition That if Building Fall, Except as Result of Fire, Insurance Shall Cease. A condition in a policy of fire insurance covering merchandise contained in a store and basement located on the westerly side of a building described as a "three story brick metal roof building," the easterly side of which was occupied as a hotel, that "If the building, or any part thereof, fall, except as the result of fire, the insurance by this policy, on such building, or its contents, shall immediately cease," as its language clearly indicates, means the fall of the general building or any substantial part thereof; where, therefore, the easterly wall of the building fell and occasioned a fire, and in the efforts to subdue the flames, which did not, however, reach the store, the goods were damaged, no recovery can be had therefor under the policy.

*Nelson* v. *Traders' Ins. Co.*, 86 App. Div. 66, affirmed.

(Argued May 3, 1905; decided May 30, 1905.)

Appeal from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 21, 1903, sustaining defendant's exceptions ordered to be heard in the first instance by the Appellate Division after a verdict in favor of plaintiffs directed by the court and granting a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. N. Hammond* for appellants. The rule contended for by the defendant will be given all of the efficacy and force which it is intended to have if it shall be held to apply, as between the plaintiffs and the defendant, to the building so far as it was occupied and controlled by the plaintiffs, which was the extent to which the insurance of the defendant applied. (*Toms* v. *Luckett*, 5 C. B. 23; Wood on Ins. 219, § 114; *Nave* v. *H. Ins. Co.*, 37 Mo. 430; *Lewis* v. *S. F. & M. Ins. Co.*, 10 Gray, 159; *F. F. Ins. Co.* v. *Congregation*, 80 Ill. 558; *L. F. Ins. Co.* v. *Crunk*, 91 Tenn. 376.) Where an instrument is susceptible of two interpretations, one of

which will render it valid and the other will render it invalid, that construction will be adopted that is consistent with its validity. (*Post* v. *Hoover*, 33 N. Y. 593 ; *Coyne* v. *Weaver*, 84 N. Y. 386.)   When possible, such construction will be given an instrument as will avoid a forfeiture, forfeitures not being favored in law. (*Jackson* v. *Silvernail*, 15 Johns. 278 ; *Pierson* v. *Arkenburgh*, 25 J. & S. 474 ; *Lyon* v. *Hersey*, 103 N. Y. 264; *Clinton* v.· *Hope Ins. Co.*, 45 N. Y. 454.)

*Hiram R. Wood* for respondent.   The insurance had ceased before the damage complained of occurred. (*Lewis* v. *S. F. & M. Ins. Co.*, 10 Gray, 159 ; *Nave* v. *H. M. Ins. Co.*, 37 Mo. 430 ; *Breuner* v. *L. & L. & G. Ins. Co.*, 51 Cal. 101; *Huck* v. *G. Ins. Co.*, 127 Mass. 306·; *Hustace* v. *P. Ins. Co.*, 175 N. Y. 292.)   Plain provisions of the standard fire policy should be enforced. (*Quinlan* v. *P. W. Ins. Co.*, 133 N. Y. 356; *Moore* v. *H. F. Ins. Co.*, 141 N. Y. 219 ; *Peabody* v. *Satterlee*, 166 N. Y. 179 ; *Hicks* v. *B. A. Ins. Co.*, 162 N. Y. 284.)

GRAY, J.   The policy of fire insurance, upon which the plaintiffs sue, was issued by the defendant in the New York standard form and covered a stock of goods in a store and basement occupied by them, in the village of Seneca Falls, in this state.   The defense made to the suit was that the insurance had ceased, by reason of the fall of the building, prior to the breaking out of the fire.   The facts are not in dispute and but a question of law is raised.   The plaintiffs' premises were in a part of a brick building; the four exterior walls of which were of brick.   The interior of the building was subdivided by lath and plaster partitions.   The first floor was upon, and level with, the street.   In the center, a hall and stairway led from the street to the upper stories and, with a partition extending to the rear, divided the floor.   To the west of the stairway was the plaintiffs' store and beneath it was their basement.   The part east of the stairway and the upper floors of the entire building, as well as the basement

on the east side, were used for hotel purposes. In March, 1902, the east wall of the building collapsed and fell outwards and into a vacant lot upon that side, and with it fell, not only, the whole easterly half of the building, but, also, a portion of that which was over the plaintiffs' store. A range, in which there had been a fire, was precipitated into the mass of débris and a fire broke out; which did not, however, reach to plaintiffs' premises. It was conceded that it occurred after the collapse of the building and whatever the damage sustained by the plaintiffs, it was caused, in the main, by the efforts of the fire department to subdue the flames. The policy of insurance, by its language, covered the plaintiffs' stock of merchandise "while contained in the three story brick metal roof building, with basement, situated on the south side of Fall street," etc. It contained this condition: "If the building, or any part thereof, fall, except as the result of fire, the insurance by this policy on such building, or its contents, shall immediately cease."

I have not been referred to any decision by this court relating to this latter clause and, so far as my examination has gone, there is none. It is argued for the appellants, in effect, that to give a literal reading to this condition of the policy, in such a case as these facts present, is unreasonable and that it should be construed as referring to the "particular structure occupied by itself as a store for any especial business" and not to the general building. Such was the view taken by the dissenting justices below.

In my opinion, the determination of the Appellate Division, that the insurance had ceased, was right. This was a contract, which, like any other contract, should be enforced according to its plain provisions. Its language is clear and unambiguous, and the provision, or condition, in question, cannot be construed otherwise than it has been, without twisting the words and, thus, rending nugatory a limitation of the hazard, which it was not improper, nor unfair, for the insurer to impose. It was for the purpose of having contracts of insurance read clearly and intelligibly to the ordinary under-

standing of men that the legislature, in 1886, provided for an uniform, or standard, policy of insurance. Insurers issuing policies were compelled to use one form of contract; whose meaning should not be obscured by unusual clauses, nor concealed in a mass of verbiage, and whose provisions, being plain, could result in no injustice in their enforcement. When such is the contract, the courts should not refuse to enforce the forfeitures, or limitations, which the parties are deemed to have agreed upon. (*Quinlan* v. *Providence-Washington Ins. Co.*, 133 N. Y. 356; *Peabody* v. *Satterlee*, 166 ib. 174.)

It was open to the plaintiffs to reject the policy of insurance, unless modified in the particular respect; if they were unwilling to assent to this limitation of the hazards. The policy described the subject of insurance as " contained in the three story brick metal roof building," etc. ; thus, plainly, evidencing the understanding as to the plaintiffs' premises being within, or forming a part of, a building. Is there any doubt but what it was? Certainly not and I think that it would be a perversion of the meaning of words to hold otherwise. What might be a reasonable application of the clause in the case supposed of a row of stores, erected by a number of men, under a common roof, is not dependent upon the present case. That would be an extraordinary situation unlike the facts of this case and, presumably, would be the subject of some stipulation. This building was one inclosure of brick walls; which was subdivided, by lath and plaster partitions, into spaces for stores and for rooms, to be occupied as landlord and tenants might agree. The plaintiffs' premises were but a part of the one building, within the recital of the contract, as well as to the ordinary perception of the senses. There was nothing unusual, nor extraordinary, in the conditions, which demands any straining of construction in order to prevent a failure of justice. The intent of the policy was that insurance should continue only while the building remained standing, substantially, as a building. If it should fall from the occurrence of a fire, the insurance company would become liable under its contract; but if it, or any mate-

rial part of it, should fall before any fire broke out and cause damage to the property insured, the insurer would not be liable. The contract was one of indemnity against a loss caused by fire and not against a loss, the proximate cause of which was in the working of some other agency. The meaning of the clause in question, when reasonably interpreted, is that the insurer is excused from its obligation by, either, the fall of the building as a structure, or of such a substantial and important part thereof, as impairs its usefulness as such and leaves the remaining part of the building subject to an increased risk of a fire. I perceive no just reason for making an exception in the application of a material provision of this policy, which would violate the contract for insurance by adding a risk, excluded by its terms and which the insurer was justified in excluding. It is quite competent, in so far as the provisions of a policy are concerned, to modify, or to restrict them, or to describe more particularly the actual risk assumed, by a written indorsement upon the instrument. The legislature left the parties free in that respect and it would have been competent for them to do so in this case, if the intention had been to insure the plaintiffs' premises as an independent, or separate, structure. As it is, this clause of the contract is plain; it is not unreasonable as a limitation of the insurance hazard and, unless the court is to to make a new agreement between the parties, it should be enforced.

For these reasons, I advise that the order appealed from should be affirmed and that judgment absolute should be ordered in favor of the defendant, upon the stipulation of the plaintiffs; with costs to the defendant in all the courts.

CULLEN, Ch. J., O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Order affirmed, etc.