NETTIE ROLFE

. *vs.* :

PATRONS' ANDROSCOGGIN MUTUAL FIRE INSURANCE COMPANY.

Knox.    Opinion December 27, 1909.

*Insurance.    Fire Policies.    Riders.    Liability.    Tender.    Revised Statutes, chapter 49, section 4.*

1. Under the provisions of Revised Statutes, chapter 49, section 4, to the effect that a fire insurance company may write, or print in type not smaller than long primer, upon separate slips or riders to be attached to the policy, provisions adding to or modifying those contained in the standard form of policy, more than one such modifying provision may be written or printed on the same slip or rider.

2. When a fire insurance company fills the blank space in the standard form of policy, stating the gross amount of indemnity or insurance to be paid, it may at the same time, under the provisions of Revised Statutes, chapter 49, section 4, by a rider attached to the policy, limit the extent of its liability, and the limitation in the case at bar, to two-thirds of the actual destructible value of the property insured is upheld.

3. In the case at bar, the tender made by the defendant is found to have been too small by nine cents, therefore the tender is held to have been insufficient.

4. The word "separate," as used in Revised Statutes, chapter 49, section 4, providing for riders to be attached to policies, "on separate slips or riders" was used to express the idea of something separate from or not physically a part of the policy; something originally distinct, apart from the policy, to be attached thereto.

On report. Judgment for plaintiff.

Assumpsit on a policy of fire insurance with a "rider" attached, issued by the defendant company, and reported to the Law Court on an agreed statement of facts. (See *Rolfe* v. *Patron's Andros-coggin Mutual Fire Insurance Company*, 105 Maine, 58.)

The case is stated in the opinion.

*Arthur S. Littlefield*, for plaintiff.

*John A. Morrill*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, CORNISH, KING, BIRD, JJ.

SAVAGE, J. This is an action upon a fire insurance policy to recover the indemnity therein provided, and the case comes up on report.

The total amount of the loss by fire has been determined by arbitration as $850. The gross amount for which the policy was issued was $900. But a rider was attached to the policy when it was issued, which contained several independent provisions, among which was this one:—"It is a part of the consideration of this policy and it is especially agreed that the liability of this company hereunder shall not in any case, nor under any circumstances, exceed the sum herein stated, nor more than two thirds of the actual destructible value of the property at the time the loss may happen." The loss was a total one. Therefore it must be assumed that the actual destructible value of the property insured at the time of the fire was the loss as determined by the arbitrators, or $850.

Two questions are presented:—First, whether the plaintiff is entitled to recover, as she claims, the full amount of $850, or only two thirds thereof; and, secondly, whether the tender made by the defendant before suit was sufficient in amount.

The plaintiff claims that the rider was illegal and ineffective, and

that she is entitled to recover the total loss, just the same as if there were no rider.   The grounds of her contention are (1) that the rider contained several provisions upon one slip, whereas the statute requires, as she contends, that each rider provision should be on a separate slip, and (2) that the statute did not authorize the defendant company to modify or limit its liability as expressed on the face of the policy in suit, by rider or otherwise ; that the company, having written into the policy in the blank left for that purpose the gross amount for which the property was insured as $900, could not, by rider, limit its liability to less than that sum in case the loss amounted to so much.   We think neither ground is tenable.

Section 4, chapter 49, of the Revised Statutes contains a form for a standard policy of fire insurance.   The same section also contains the following provisions :—"No fire insurance company shall issue fire insurance policies on property in this state, other than those of the standard form herein set forth, except as follows :   .   .   .   . VI.   A company may write upon the margin or across the face of a policy, or write, or print in type not smaller than long primer, upon separate slips or riders to be attached thereto, provisions adding to or modifying those contained in the standard form."

So far as the form of the rider in question is concerned, we are of opinion that the statute does not require a separate slip or rider for each provision adding to or modifying those in the policy. Such an interpretation of the word "separate" in the statute seems to us to be too narrrow.   We think that the word "separate" was used to express the idea of something separate from, or not physically a part of, the policy, something originally distinct, apart from the policy, but "to be attached thereto."   The excepting clause VI, as a whole, empowered an insurance company either to write additional or modifying provisions upon the margin or across the face of the policy itself, or to write them on slips or riders, separate from the policy, but to be attached to it.

In considering the second ground of objection to the rider, it is not necessary to discuss what, if any, limits in the use of riders are imposed upon fire insurance companies by the standard policy statute, for it is clear to us that, in any event, the modification of

liability stipulated in the rider was one which might properly be made by a rider. The statute does not undertake to prescribe the amount of indemnity for which a company may become liable under a standard policy, with the exception that it is provided that it shall not be liable in excess of the value of the property. The parties are not prohibited from making any agreement they choose with respect to the extent of liability. In the absence of a statutory limitation it would seem that this must necessarily be so. There is a blank in the standard form of policy for the amount of indemnity. That blank the company as the maker of the contract may fill to suit itself. It may say that it will be liable absolutely for a definite amount; or that it will be liable for two-thirds of a certain amount; or for two-thirds of the value, not exceeding a certain amount. It may fill any of these propositions into the blank itself, or, having stated in the blank the extreme extent of the indemnity promised in any event, we think it may modify or limit that indemnity by a rider, so as to make the amount to be paid dependent upon the value of the property. Such a modification seems to come precisely within the language of the statute permitting the use of slips or riders. The effect, in the case of a policy like the one we are considering, would be that if the indemnity named in the blank is no more than two-thirds of the value of the property, the insured, in case of total loss, would get the full indemnity; otherwise, he would be limited to the two-thirds value.

It is therefore the opinion of the court that the rider was a lawful one, both as to form and substance, and that it is to be regarded as a part of the policy. Hence the plaintiff is entitled to recover only two-thirds of the loss as determined by the arbitrators.

Under the terms of the rider on the policy, the amount of the loss was payable upon the expiration of ninety days after the proof of loss was made. As it makes no difference in the result in this case, we assume, for the purposes of the case, that the time of payment could be extended by a rider from sixty days after proof, as required in the standard form of policy, to ninety days. The proof was made October 12, 1906, and accordingly two-thirds of $850, or $566.66 was payable to the plaintiff on January 11, 1907. On

July 18, 1907, the defendant tendered to the plaintiff $584.23. But this was not enough, for there was due on that date, including interest, $584.32. The difference is small, but the plaintiff was entitled to it. The tender was insufficient in amount.

The sum tendered was turned over to the plaintiff at the time the agreed statement was filed, and by agreement it is to be credited on the final judgment, as of that date. Accordingly the entry will be,

> *Judgment for the plaintiff for $566.66 with interest thereon from January 11, 1907, on which judgment is to be credited $584.23 as of the date of the filing of the agreed statement.*