Travelers' Fire Ins. Co. of Pine Bluff, Ark., et al. v. Mercer.

TRAVELERS' FIRE INS. CO. OF PINE BLUFF, ARK.,
et al. v. MERCER.

No. 1441.   Opinion Filed January 16, 1912.

Rehearing Denied March 19, 1912.

(122 Pac. 134.)

1.   INSURANCE—Forfeiture of Policy—Default in Premium Note.
A provision in a contract of insurance that provides that where
a note given for a premium is not paid when due the failure
to pay shall work a forfeiture of the contract is a valid one, and
will be enforced.

2.   SAME.   Where an application for insurance contains a clause pro-
viding that, in case a note is given for premium and is not paid
when due, it shall work a forfeiture of the policy, but the policy
of insurance later issued contains a provision, in effect, that, when
any premium has not been paid in cash, the contract of insurance
may be terminated on notice to the insured, held, that the pro-
vision in the policy modifies the forfeiture clause in the applica-
tion, to the extent that notice to the insured is necessary before
a forfeiture can be declared.

(Syllabus by Brewer, C.)

*Error from Wagoner County Court;*
*W. T. Drake, Judge.*

Action by J. W. Mercer against the Travelers' Fire Insur-
ance Company of Pine Bluff, Ark., and another.   Judgment
for plaintiff, and defendants bring error.   Affirmed.

*S. V. O'Hare* and *Farrar L. McCain,* for plaintiffs in error.

*Sutherlin, Thigpen & Sponsler,* for defendant in error.

Opinion by BREWER, C.   This is a suit on an insurance
policy for loss by fire.   The cause was tried on the 26th day of
May, 1909, to a jury, in the county court of Wagoner county.
The jury returned a verdict of $950.   The plaintiff entered a
*remittitur* of $74.50, the amount due by him to the company for
premiums, and judgment was rendered in the sum of $875.50.
Motion for new trial was filed and overruled, exceptions saved,

and the defendants as plaintiffs in error bring this cause here for review.

The plaintiffs in error present, at the beginning of a very able brief, the sole question to be determined in this case, in the following words:

"The contentions of the plaintiffs in error may be reduced to and practically summarized in one, *i. e.*, that the court below could not render judgment, and the. defendant in error could not in any event recover judgment for the reason that the notes given in payment of the policy sued on were due and unpaid at the date of the loss under the policy; in other words, that the failure to pay the notes *ipso facto* worked a forfeiture of the policy, and no recovery could be had, because there was no. policy in force at the date of the loss."

The policy in suit was issued May 9, 1908, and was for the term of one year. Some time, evidently prior to the date of the policy, the insured executed an undated application for insurance, and two promissory notes for the amount of the premium. The notes are also undated. On August 11, 1908, the property insured was destroyed by fire.

One of the notes executed for premiums was past due and unpaid. The application for insurance contained the following provision with reference to unpaid premium notes:

"*   *   * And, if any payment on the note or notes given in payment for premiums hereon be not paid when due, the policy shall be void until the same is paid, when it is to again attach."

The application is made the basis upon which the policy is to be issued in the following words:

"*   *   * And this application may be referred to in the policy to be issued thereon, as a part of said policy and as the basis upon which said company shall issue the same."

And further provides:

"This application shall not be construed as a contract of insurance as against said company, until the same shall be approved by said company, which approval shall be evidenced by the issuance and delivery of their policy," etc.

That the application, with the provisions and covenants contained in it, became part of the policy, is not disputed. But the

theory of the defendant in error, and of the court at the trial
below, was that the provision in the application relative to a
forfeiture of the policy for failure to pay a premium when due
was abrogated, or at least modified, in the contract of insurance
—the policy—issued after the receipt of the application, and
which was delivered to, and accepted by, the insured with the
modification so made. The policy contains the following pro-
vision relative to cancellation when premiums have not been
paid:

. "Where the consideration (premium) has not been actually
paid in cash, this company shall have the right to terminate this
contract at any time by notice of such desire to the assured
hereunder, and in which event the assured shall be liable to this
company for the premium earned on this policy at *pro rata*
rate for the time the policy has been in force."

The defendant in error set up this provision of the policy,
and testified without objection that the matter of the payment
of the notes was explained to him by the agent; that he was
informed this meant that he would be notified when his note
was due; that he was never notified or demand made on him;
that he did not know where his notes were held or where to
pay them; that he was at all times able and willing to pay;
that he had at all times cash balances of from $1,000 to $6,000
in the three banks in Wagoner, and that he relied on the pro-
vision in the policy as to notice before cancellation. Where a
policy of insurance contains a provision that in case a note is
given for premium, and the same is not paid when due, the
failure to pay shall work a forfeiture of the policy, the pro-
vision is a valid one, and will be upheld by the courts. And,
where the application is made by its terms part of and the basis
of the contract of insurance, the same rule will apply where
the provision as to forfeiture is found in the application, pro-
vided the policy is silent on the subject, or has no provision abro-
gating or modifying the provisions of the application as to for-
feiture. *Iowa L. Ins. Co. v. Lewis,* 187 U. S. 335, 23 Sup. Ct.
126, 47 L. Ed. 204; *Thompson v. Insurance Co.,* 104 U. S. 252,
26 L. Ed. 765; *Klein v. Ins. Co.,* 104 U. S. 88, 26 L. Ed. 662;

*Fowler v. Met. L. Ins. Co.,* 116 N. Y. 389, 22 N. E. 576, 5 L. R. A. 805; *Holly v. Met. L. Ins. Co.,* 105 N. Y. 437, 11 N. E. 507; *Blackerby v. Cont. Ins. Co.,* 83 Ky. 574; *Mandego v. Life Ass'n,* 64 Iowa, 139, 17 N. W. 656, 19 N. W. 877; *McIntyre v. Mich. State Ins. Co.,* 52 Mich. 194, 17 N. W. 781.

However in *Baley v. Homestead Fire Ins. Co.,* 80 N. Y. 23, 36 Am. Rep. 570, it is said, and the language has been quoted with approval by this court in *Sullivan v. Merc. Town Mut. Ins. Co.,* 20 Okla. 472, 94 Pac. 681 (129 Am. St. Rep. 761):

"When a clause in a contract is capable of two constructions, one of which will support, and the other defeat, the principal obligation, the former will be preferred. Forfeitures are not favored, and the party claiming a forfeiture will not be permitted, upon equivocal or doubtful clauses or words contained in his own contract, to deprive the other party of the benefit of the right or indemnity for which he contracted."

In the instant case we are of the opinion that the provision of the policy, in effect providing that, if the premium has not been paid in cash, the company shall give notice to the insured of its election to terminate the contract, is a modification of the forfeiture clause found in the application, to the extent that such notice was required before a forfeiture took place, and the proof showing absolutely that none was given, that the verdict of the jury is supported by sufficient evidence, and that, therefore, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.