## FIDELITY-PHENIX FIRE INS. CO. v. SCHOOL DIST. NO. 62 OF JACKSON COUNTY.

No. 9003—Opinion Filed July 30, 1918.

(174 Pac. 513.)

**1. Insurance — Policy — Enforcement of Provisions.**

In a policy of fire insurance issued since the law of this state providing a certain form of policy and that no fire insurance company shall issue fire insurance policies on property in this state other than those of standard form became effective, a provision in the policy of fire insurance on property in this state not found in such standard form of policy will not be enforced unless such provision is within the exception named in section 3481, Revised Laws 1910.

**2. Same—Accordance with Standard Form.**

A provision in a policy of fire insurance, issued since the enactment of the law providing a standard form of policy in this state, that, "in case the assured fails to pay the premium notes or order at the time specified, then this policy shall cease to be in force and remain null and void during the time said note or order or any part thereof remains unpaid after its maturity," not being in accord with the standard form of policy provided by the law of this state, will not be enforced.

**3. Insurance—Action on Policy — Default in Payment of Premium Note.**

Where the insurer retains the note given for the premium of a policy of fire insurance and continues to endeavor to collect such note, the insurer is estopped from setting up the failure to pay said note as a defense to an action upon said policy.

(Syllabus by Collier, C.)

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by School District No. 62 of Jackson County against the Fidelity-Phenix Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Scothorn & McRill and Wilson & Roe, for plaintiff in error.

Mounts & Davis and Ledbetter, Stuart & Bell, for defendant in error.

Opinion by COLLIER, C. This is an action on a fire insurance policy, brought by

the defendant in error against plaintiff in error to recover $600 for the total destruction by fire of the school building and the furniture therein, the property covered by said policy. Hereinafter the parties will be designated as they appeared in the trial court. The defendant answered by general denial and pleaded a provision in the policy hereinafter set out, that failure to pay the premium suspended the policy, and that plaintiff had failed to pay the warrant issued for the payment of said premium. In reply to the answer of defendant, plaintiff averred that defendant had retained the warrant in their possession as their property up to the time of the fire, and that plaintiff had always been willing to pay said warrant under the agreement entered into by plaintiff, and had always been ready and willing to pay said warrant out of funds belonging to said school district as provided by law, and was willing that the amount of said warrant be deducted from the amount sued for in this action.

A copy of the policy of insurance was attached as an exhibit to the petition, and its execution admitted by defendant, which policy was executed on the 1st day of November, 1909, to run five years from said date. The said policy contained the following provision:

"In case the assured fails to pay the premium notes or order at the time specified, then this policy shall cease to be in force and remain null and void during the time said notes, or order, or any part thereof, remains unpaid after its maturity, and no legal action on the part of this company to enforce payment shall be construed as reviving the policy."

The policy also provided that, within 15 days after a loss, notice of loss must be given the defendant, and 60 days thereafter proof furnished the defendant of the loss.

The uncontradicted evidence is that the schoolhouse and furniture covered by said policy were totally destroyed by fire on the 12th day of January, 1914. The further uncontradicted evidence is that when the policy was executed the school district was without money, and on January 13, 1910, plaintiff, by its duly authorized officers, issued and delivered to the defendant a school warrant in the sum of $24 in payment of premium for said policy; that the defendant retained the said warrant and repeatedly made efforts to collect same, but without success; that at the time said building was burned, and at the time of trial, said warrant was still in the possession of defendant and had not been paid. The evidence was in conflict as to whether or not

the first, or 15 days' notice was given; but the proof was uncontradicted that proof of loss was furnished within 60 days, that defendant retained proof of loss, and made no objection to the contents of the same.

At the conclusion of evidence, defendant demurred thereto, which demurrer was overruled and excepted to.

Together with other instructions, the court gave the following instruction:

"(2). If you find from a fair preponderance of evidence that the said school district, plaintiff, within 15 days after said fire, gave the said insurance company notice of destruction of said schoolhouse and furniture therein, then your verdict should be in favor of plaintiff, and, unless you so find by a fair preponderance of evidence, then your verdict will be in favor of defendant" —to the giving of which instruction the defendant duly excepted.

Plaintiff requested the court to give the jury the following instruction:

"You are instructed, gentlemen of the jury, that the provisions in the policy of insurance sued on in this case, which provided that said insurance shall be suspended if the order given for the payment of the premium is not paid when due, is a legal and binding provision; and you are further instructed that the burden is upon the plaintiff to show by a preponderance of the evidence that the premium on this policy has been paid according to agreement, and if you believe from the evidence that it has not been so paid, and had not been paid at the time the loss occurred, then your verdict should be for the defendant"—which instruction the court refused to give, to which said action of the court the defendant duly excepted.

The jury returned a verdict in favor of plaintiff for $600, to which defendant duly excepted. Timely motion was made for a new trial, which was overruled, excepted to, and error brought to this court.

As hereinafter shown, the only legal defense pleaded in this case was the failure to give the 15 days' notice of loss; and, the evidence as to such notice being in conflict, the court did not err in overruling plaintiff's demurrer to the evidence.

At the time the policy, which is the basis of this action, was issued, the 1st day of November, 1909, the law as now found in section 3481 and section 3482, Revised Laws of Oklahoma, was in force. Said section 3481 provides:

"No fire insurance company shall issue fire insurance policies on property in this state other than those of the standard form herein set forth except as follows: * * *"

(Exceptions contained in said section 3481 are omitted as they do not bear on questions involved herein.)

Said section 3482 provides the form of policy, which said form does not contain the provisions contained in the policy herein sued, that:

"In case the assured fail to pay the premium notes or order at the time specified, then this policy shall cease to be in force and remain null and void during the time said notes or order or any part thereof remains unpaid after its maturity, and no legal action on the part of this company shall be construed as reviving the policy."

The statute having provided a form of policy and further provided that "no company shall issue fire insurance policies on property in this state, other than those of standard form herein set forth" the said provision as to the consequences of the failure to pay the premium at the time specified was nugatory.

"Where a statute prescribes a standard form of policy, no provision not in the prescribed form will be enforced." 19 Cyc. 601, 2.

In Hronish v. Home Ins. Co. of New York, 33 S. D. 428, 146 N. W 588, the Supreme Court of South Dakota held:

"The use of the standard form of fire policy prescribed by Laws of 1909, c. 194, is compulsory, and its provisions not only constitute the contract between insurer and insured, but also the law governing the rights of the parties."

As the provision in the policy as to the suspension thereof for failure to pay the premium in the stipulated time, in determining the case, must be eliminated, the only legal defense pleaded by the defendant was the failure to give, within 15 days thereafter, notice of loss.

The defendant cites Travelers' Fire Ins. Co. v. Mercer, 32 Okla. 503, 122 Pac. 134, in support of its contention that the provision in said policy as to a suspension of the policy upon failure to pay the premium is legal and binding; but said case is not in point in this case, for the reason that said policy upon which the action was based in Travelers' Fire Ins. Co. v. Mercer, supra, was under a policy which was executed prior to the time of the enactment of the law which provides a standard form of policy.

The ground insisted upon by defendant for reversal of this case, based upon the contention that the clause found in said policy of insurance as to the suspension of the policy for failure to pay the premium, is in our opinion without merit, and our holding that said clause of the policy is invalid by reason of the fact that such provision, or a similar provision, does not appear in the standard form of policy provided by the laws of this state, emasculates the defense to this action, unless there was a failure to give the 15 days' notice provided by the policy, and whether or not said notice was given was in dispute in the evidence; but there was sufficient evidence upon which the jury could reasonably find that such 15 days' notice was given.

As the only legal defense pleaded to the action was the failure to give the 15 days' notice, it follows that the court did not err in giving instruction No. 2, and in refusing to give the instruction requested by the defendant.

If, however, the said provision in the policy as to suspension thereof upon failure to pay the premium was a defense in this case, as to which we hold adversely, we are of the opinion that the continued retention of the warrant and repeated efforts of the defendant to collect it was a waiver of said provision, and the failure to pay said warrant could not therefore be pleaded as a successful defense to the action.

In Springfield Fire & Marine Ins. Co. v. E. B. Cockrell Holding Co., 67 Okla. 116, 169 Pac. 1060, the third section of the syllabus reads:

"Any act of an insurance company recognizing as an existing contract with it the policy sued upon, after knowledge that the cause of forfeiture has occurred, is a 'waiver' of such cause of forfeiture."

In the body of the said opinion it is said:

"This for the reason stated in St. Paul & C. Ins. Co. v. Mountain Park Stock Farm Co, 23 Okla. 79, 99 Pac. 647, where, quoting approvingly from 16 Am. & Eng. Enc. Law, we said: 'Since the conditions of a policy a breach of which by the assured will give rise to a forfeiture are inserted for the benefit of the insurance company, they may be waived either pending the negotiation for the insurance or after such negotiation has been completed and during the currency of the policy, and this either before or after the forfeiture is incurred; and, since forfeitures are not favored in the law, the courts are always prompt to seize hold of any circumstances that indicate an election to waive'."

In Shawnee Mutual Fire Ins. Co. v. Cannedy, 36 Okla. 733, 129 Pac. 865, 44 L. R. A. (N. S.) 376, the syllabus reads:

"Notes given for the premium on a policy of fire insurance provided that, if they were not paid at maturity, 'the whole amount of the premium should be considered earned, and all notes given in settlement of said policy be due, and the policy be null and

void, and so remain until the same shall be fully paid and the policy be reinstated by the company.' The notes were not paid at maturity, but the company retained them and continued to try to collect them, brought suit upon one of them, obtained judgment, and had the judgment docketed in the district court. Held: (1) That the provision that, if the notes were not paid at maturity, the whole amount should be considered earned, is a mere penalty which cannot be enforced. (2) That the provision that, if the notes were not paid at maturity, the policy should be null and void, is a valid provision, but the company may waive it. (3) That the company, by retaining the notes and endeavoring to collect them in full, waived the provision that the policy should be void if the notes were not paid at maturity."

We think that the motion for a new trial was properly overruled.

This cause is affirmed.

By.the Court: It is so ordered.