## ST. PAUL FIRE & MARINE INS. CO. OF ST. PAUL, MINN., v. ROBISON.

No. 9497—Opinion Filed April 29, 1919.

(180 Pac. 702.)

(Syllabus.)

**1. Appeal and Error — Hail Insurance — Damage to Growing Crop—Instruction.**

In an action for damages to plaintiff's cotten crop under a hail insurance policy, where the court, in its general instructions, limited the amount of plaintiff's recovery to the damages caused by hail, it is not ground for reversal, in the absence of a requested charge for the court to fail to instruct the jury that it should not allow plaintiff for damages, if any, caused by rabbits to the growing crop.

**2. Appeal and Error—Verdict—Defects or Irregularity—Review.**

Where a verdict is not void, any objection going to a defect or irregularity which renders the verdict merely voidable will not be considered, when raised for the first time in this court.

**3. Appeal and Error—Evidence to Sustain Verdict—Review.**

In actions triable to a jury, where there is evidence reasonably tending to support the verdict of the jury, the same will not be disturbed on appeal.

**4. Interest—Unliquidated Damages.**

Interest cannot be recovered upon unliquidated damages, where it is necessary for a judgment or verdict to be had in order to ascertain the amount of same.

Error from County Court, Beckham County; E. G. McComas, Judge.

Action by A. M. Robison against the St. Paul Fire & Marine Insurance Company of St. Paul, Minn., with counterclaim by defendant. Judgment for plaintiff and for

cancellation of his promissory note, and defendant brings error. Modified and affirmed.

C. A. Matson and T. Reginald Wise, for plaintiff in error.

D. W. Tracy, for defendant in error.

RAINEY, J. A. M. Robison recovered a judgment in the county court of Beckham county, against the St. Paul Fire & Marine Insurance Company of St. Paul, Minn., in the sum of $146.20 for damages to his crop of cotton under a hail insurance policy issued to him by the defendant company. The plaintiff sued for $222, and the insurance company, in its answer, admitted that damage had accrued to the plaintiff in the sum of $60, and confessed judgment for said amount, but denied that he had suffered any greater damage, and pleaded a counterclaim in the sum of $33.90, represented by a promissory note given in payment of the premium on the policy. The cause was tried to a jury, resulting in a judgment for the plaintiff in the amount aforesaid and for cancellation of the note.

It is contended that the court erred in sustaining objections to questions propounded to plaintiff on cross-examination by defendant's counsel relative to rabbits eating a part of the young cotton. Counsel say:

"The evidence thus attempted to be adduced was wholly competent, and we submit that defendant had the right and should have been allowed to cross-examine plaintiff fully as to his damage, and whether or not he was now making claim for the five acres that 'rabbits' or 'something' had destroyed and the exclusion of the same as immaterial was prejudicial error."

The exclusion of this testimony was not prejudicial error, for the reason that the court permitted counsel to thoroughly cross-examine plaintiff as to the amount of damage claimed by him and as to the effect of the hail on his crop and the condition it was in at the time of the hail. The plaintiff had repeatedly testified that he claimed damage by hail on all of his cotton covered by the policy, and the court, in its instructions, clearly stated to the jury that plaintiff could only recover under the policy for damage to his crop that was caused by the hail. Testimony was also admitted by the court tending to prove that rabbits had done some damage to a part of the crop, and this was doubtless taken into consideration by the jury in fixing the amount of the recovery, although the court did not specifically instruct the jury not to allow the plaintiff for any damage caused by rabbits. However, the defendant company cannot complain of the court's failure to instruct on this particular phase of the case, in view of the fact that the instructions given limited the plaintiff's recovery to damages actually suffered by the hail, and the defendant did not request an instruction relative to the damage, if any, caused by the rabbits. Chicago, I. & P. Ry. Co. v. Radford, 36 Okla. 657, 129 Pac. 834; Seay et al. v. Plunkett, 44 Okla. 794, 145 Pac. 496.

Objection is made to the form of the verdict, but since the verdict was received by the court without any objection on the part of defendant to its form and no exception was taken or opportunity given the court to have the same amended, the alleged error cannot be considered here. Collier et al. v. Gannon, 40 Okla. 275, 137 Pac. 1179; Brown et al. v. First Nat. Bank of Temple, 35 Okla. 726, 130 Pac. 140.

There is not any merit in the claim that the verdict is not supported by the evidence, for the evidence introduced by the plaintiff reasonably tends to prove that all of his crop was damaged by hail in the amount found by the jury and collectable under the terms of the policy

The court instructed the jury that if it found for the plaintiff that it allow him interest at 6 per cent. from December 1, 1916, on the amounts found, and it is urged by the defendant that said instruction is violative of section 2848, Rev. Laws of 1910. In the case of City of Chickasha v. Hollingsworth, 56 Okla. 341, 15 Pac. 859, this court held that interest was not recoverable on unliquidated damages, where it was necessary for a judgment on verdict to be rendered in order to ascertain the amount of such damage. The instruction was therefore erroneous, and the judgment was excessive in the small amount of the interest so allowed, which is less than $5.

The judgment will therefore be modified by deducting therefrom interest on the damages allowed from December 1, 1916, to the date of the verdict, which was April 17, 1917, and as so modified, will be affirmed.

HARDY, C. J., and OWEN, PITCHFORD, and JOHNSON, JJ., concur.