ROYAL INS. CO., Ltd., v. VANSELUS et al.

(Circuit Court of Appeals, Seventh Circuit. March 4, 1926.)

No. 3620.

Insurance ⬥150—Rider providing that insurer shall not be liable for loss while obligation given for premium remains past due and unpaid invalid in view of Wisconsin standard insurance policy, requiring five days' written notice of cancellation.

Suspension of insurance clause providing nonliability of company while any note or obligation given for premium remained past due and unpaid, added to Wisconsin standard insurance policy by rider, is ineffective, in view of clause of policy requiring five days' written notice of cancellation.

Page, J., dissenting.

In Error to the District Court of the United States for the Western District of Wisconsin.

11 F.(2d)—45

Action by M. F. Vanselus and another against the Royal Insurance Company, Limited. Judgment for plaintiffs, and defendant brings error. Affirmed.

Robert J. Folonie, of Chicago, Ill., for plaintiff in error.

W. T. Doar, of New Richmond, Wis., for defendants in error.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Vanselus, one of the plaintiffs, secured fire insurance from the defendant fire insurance company covering his farm buildings, and thereafter suffered a loss which was fixed by the jury at $8,814.10. The larger part of this sum ($6,220) was payable to the coplaintiff, the Northwestern Mutual Life Insurance Company, as mortgagee.

Defendant does not here question its liability to the mortgagee, but denies liability to Vanselus because of the provisions of a certain promissory note, signed by the assured and which accompanied the application for insurance, the substance of which was incorporated in a rider attached to the policy. It reads as follows:

"And it is hereby agreed that, in case of nonpayment of this note at maturity, this company shall not be liable for loss during such default, and the policy for which this note was given shall lapse until payment is made to the company at its western department at Chicago, and in the event of nonsettlement for the time expired, as per terms of contract, the whole amount of the note may be declared earned, due, and payable, and may be collected by law. In case of loss under said policy before maturity of the notes, this note shall immediately become due and payable, and shall be deducted from the amount of said loss. Given in payment for a policy of insurance, and, if transferred before or after maturity, shall remain subject to the defenses."

The note was not paid. No notice of its maturity was given, and eight days after such date the loss occurred. A local banker, agent of defendant, was at the time the insurance was effected securing a loan from the Northwestern Mutual Life Insurance Company at the instance of Vanselus, and when the policy arrived it was, without being exhibited to the insured, immediately forwarded to the mortgagee. The policy contained this provision:

"It is expressly agreed that this company shall not be liable for any loss or dam-

age that may occur to the property herein mentioned, while any promissory note or obligation, or part thereof, given for the premium, remains past due and unpaid. * * * In case of loss prior to the maturity of any note given as a consideration, the company may deduct said note in its settlement of claim."

Assured had, at the time this application was made, other insurance on the premises, which was canceled, and he was credited on the new premium ($277.81) with the unearned premium ($73.16) of the old policy. The promissory note was for the balance, $204.65. The policy was a Wisconsin standard insurance policy, which among other provisions contained one entitled, "Cancellation of Policy." It read as follows:

"This policy shall be canceled at any time at the request of the insured, in which case the company shall, upon demand and surrender of this policy, refund the excess of said premiums above the customary short rates for the expired time. This policy may be canceled at any time by the company by giving to the insured a five days' written notice of cancellation with or without tender of the excess of paid premium above the prorata premium for the expired time, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state what said excess premium (if not tendered) will be refunded on demand."

The trial court in disposing of the case, said in part: "The standard policy law contemplates a suspension or a termination by the company only upon notice, and by the insured only upon a return of such part of the premium as has been paid, on a short rate basis."

Defendant's position is that the Wisconsin standard insurance policy contains an "added clause" provision which authorized the addition of a clause such as here under consideration reads: "The extent of the application of insurance under this policy and of the contribution to be made by this company in case of loss or damage, and any other agreement not inconsistent with or a waiver of any of the conditions or provisions of this policy may be provided for by agreement in writing added hereto."

It seems that the narrow and precise question we are called upon to determine is whether the "note clauses" attached to the policy as a rider contained an agreement inconsistent with the cancellation provision of the standard policy.

The policy, by its express terms, insured Vanselus "for the term of three years from the 18th day of September 1922, at noon, to the 18th day of September, 1925." It also provided for a method of cancellation by the insured, and another method of cancellation by the insurer. The latter could only cancel by giving to the insured a "five days' written notice." Was such a clause inconsistent with another that provided: "The company shall not be liable for any loss * * * that shall occur * * * if the promissory note * * * or part thereof given for the premium, remains past due and unpaid"?.

It is urged by defendant that the added clause was not a cancellation clause, but a mere suspension agreement, and inasmuch as the Wisconsin standard policy permitted riders defining the extent to which the insurance shall apply, and the amount to be paid or contributed in case of loss, without restriction, it was perfectly legal to add to this agreement a clause limiting liability.

Grant that the rider added to the policy is better described as a suspension clause than a cancellation clause, may it not, however, be in part both? Cancellation and suspension are different terms and have different meanings; but, if they deal with or relate to a termination of liability under a fire insurance policy, are they not to that extent necessarily covering identical subject-matter? True, there may be a renewal of liability under a suspension clause and not under the cancellation clause, but we are concerned with the narrow issue—the cessation of liability (for either a short or a long time) and how it may be accomplished.

The Wisconsin standard policy required a *notice in writing* and to be given five days before liability could be terminated. The insured could, after five days' written notice was given, avoid the loss of fire protection by paying the premium note, or he could secure other insurance. If no such notice were given, a loss might occur when the insured, through oversight and forgetfulness, had neglected to make the premium payment. He might have been ignorant of the termination of his insurance protection. It was to avoid the consequences of that neglect and carelessness, to which all men are more or less subject, that the written notice of termination of liability was required in this standard policy. It is of vital importance, and should not be limited or restricted by any other clause of doubtful or uncertain meaning.

No case has been called to our attention where the precise question has been decided, and we have found none exactly in point. Plaintiff cites Fidelity Phenix Fire Ins. Co. v. School Dist. No. 62, 174 P. 514, 70 Okl.

300. But defendant properly calls to our attention the apparent absence of the "added clause" provision of the standard policy and the absence of all discussion in the opinion respecting its effect on the cancellation clause. We conclude that a suspension of insurance clause in a Wisconsin standard insurance policy cannot be upheld which provides for a termination of the insurance without a five days' written notice to the assured.

The judgment is affirmed.

PAGE, Circuit Judge (dissenting). I dissent because:

(1) The established construction of the law goes with the words of the law where they are copied by another state. Sexton v. Dreyfus, 31 S. Ct. 256, 219 U. S. 339, 344, 55 L. Ed. 244. The Wisconsin law was copied from the state of New York, and it seems to me that the cases cited by defendant support defendant's contention that the rider is in harmony with the terms of the Wisconsin standard policy. Scharles v. N. Hubbard, Jr., & Co., 131 N. Y. S. 848, 74 Misc. Rep. 72; Nelson v. Traders' Ins. Co., 74 N. E. 421, 181 N. Y. 472. See also Rolfe v. Patrons' Androscoggin Mutual Ins. Co., 76 A. 879, 106 Me. 345.

(2) The right to arbitrary cancellation, without giving any reason, and the right to suspend for default of insured, are old in the insurance business, and they are so radically different in substance and in purpose that there should not be, in my opinion, any presumption that the Legislature had suspension in mind when dealing with cancellation. See distinction drawn in Stutzman v. Cicero, 136 N. W. 604, 150 Wis. 254. Cancellation kills a contract; suspension keeps it alive.