## AMERICAN EAGLE FIRE INS. CO. v. LIVELY.

No. 16439—Opinion Filed March 23, 1926.

Rehearing Denied July 13, 1926.

**Insurance—Fire Policy—Statutory Provisions — Validity of Three-Fourths Value Clause.**

A rider containing a clause fixing the amount of the recovery at three-fourths of the cash value of the property at the time of loss, attached to the standard form of fire insurance policy, is within the contemplation of the statute permitting the standard form of policy to be modified or added to, and the same is enforceable.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by C. W. Lively against the American Eagle Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed, and remanded, with directions.

Rittenhouse & Rittenhouse, John F. Webster, and Franke E. Lee, for plaintiff in error.

Poe & Lundy, for defendant in error.

Opinion by JARMAN, C. This was an action by C. W. Lively against the American Eagle Fire Insurance Company to recover on a fire insurance policy the sum of $4,000, being the amount the plaintiff alleged as the loss suffered by him by the destruction of certain property by fire. Judgment was for the plaintiff for $4,000, and the defendant brings error.

The insurance policy under consideration is the standard form of policy, having a rider attached containing what is known as the three-fourths value clause, limiting the amount of the recovery under the policy at three-fourths of the cash value of the property at the time of loss. The case was tried in the lower court on the theory that the three-fourths value clause was invalid and unenforceable, for the reason that the same was in conflict with the provisions of the standard form of policy. The plaintiff makes the same contention here.

The question involved is, May the standard form of fire insurance policy, providing that the property is insured "to an amount not exceeding $——" (being $4,000 in this instance) be limited by a rider attached to the policy fixing the amount of recovery at three-fourths of the cash value of the property at the time it is destroyed by fire? The plaintiff contends that the three-fourths value clause is in conflict with the provisions of the standard form of policy prescribed by statute, and that the liability provided for in the standard form cannot be changed by a rider attached to the policy, and that, since the property was insured for $4,000, he is entitled to recover that amount, provided the same does not exceed the cash value of the property at the time of loss. In the first place, the three-fourths value clause is not in conflict with the provisions of the stand-

ard form of policy. The property Is not insured for the definite sum of $4,000, but "to an amount not exceeding $4,000," which merely fixes the maximum amount of insurance at $4,000, and, if it were not for the further provision in the policy, "This company shall not be liable beyond the actual cash value of the property," there would be no way to determine, under the provisions of the standard form, the amount the company would be liable for. It is clear, therefore, that the Legislature intended, by inserting the provision "to an amount not exceeding $——," that riders might be used for the purpose of definitely fixing the liability and the amount of the recovery, provided it did not exceed the cash value of the property at the time of loss. This intention is made more apparent when we take into consideration the last paragraph of the policy, which provides:

"This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto."

It cannot be said that the rider, fixing the amount of recovery at three-fourths of the cash value of the property, conflicts with the clause in the policy, "to an amount not exceeding $4,000," and certainly said rider does not conflict with the clause, "This company shall not be liable beyond the actual cash value of the property." The provisions of the standard form are sufficient, of themselves, we think, to authorize the attaching of the rider containing the three-fourths value clause to the policy, and certainly all doubt on the question is dispelled by section 6766, C. S. 1921, which provides:

"Standard form of policy—Exceptions. No fire insurance company shall issue fire insurance policies on property in this state other than those of the standard form herein set forth except as follows: * * *

"6th. A company may write upon the margin * * * or print * * * upon * * * riders * * * provisions adding to or modifying those contained in the standard form. * * *"

The standard form of policy referred to is provided for in section 6767. Under section 6766, supra, any of the provisions of the standard form of policy may be modified by riders, but not contradicted. If the rider was in conflict with the provisions of the standard form of policy, then the rider would be ineffectual, but such is not the case, as we have heretofore pointed out. This distinction is made apparent by an examination of the cases cited by plaintiff.

The first case cited and relied upon by plaintiff is L. & L. & G. Ins. Co. v. McLaughlin, 70 Okla. 237, 174 Pac. 248. There the company issued a policy having a rider attached designated as form No. 6. The soliciting agent had an iron safe, and the policy was left with him by the insured for safekeeping. After the policy was executed and delivered, the soliciting agent, at the suggestion and request of the company, attached a rider known as form No. 1, without the knowledge or consent of the insured. The form No. 1 rider imposed entirely new provisions. The court held that the policy as originally issued, with rider known as form No. 6 attached, was a valid and binding contract which could not be changed or altered by the company without the knowledge or consent of the insured by attaching rider known as form No. 1, imposing conditions different from those embodied in form No. 6. The cited case can in no way be considered as authority for the contention of the plaintiff in the instant case; but the cited case does recognize that the standard form of policy may be modified by a rider attached.

The next case cited by plaintiff is Fidelity-Phenix Fire Ins. Co. v. School District No. 62, 70 Okla. 300, 174 Pac. 513. There a provision was inserted in the standard form of policy which was in conflict with the provisions prescribed by statute for the standard form, and the court held that said provision "not being in accord with the standard form of policy provided by the law of this state, will not be enforced." In the first place, the effect of a rider attached to the policy was not involved in the cited case; and, in the next place, the court held that the clause inserted in the body of the policy was invalid for the reason that the same was not in accord with, that is, conflicted with, the provisions of the standard form.

In the next case cited by the plaintiff, Palatine Ins. Co. of London v. Commerce Trust Co., 73 Okla. 236, 175 Pac. 930, the court held that the provision there under consideration, which was inserted in the body of the policy, was invalid for the reason that the same conflicted with the provisions of the standard form of policy, as shown by the first paragraph of the syllabus, as follows:

"Any provision in a policy of fire insurance written since the 25th day of March, 1909, that is in conflict with the provisions of the standard form of policy of this state provided by Act of March 25, 1909, and of section 3482, Rev. Laws 1910, will not be enforced."

The last case cited and relied upon by plaintiff is Security Ins. Co. v. Baldwin, 109 Okla. 139, 234 Pac. 348. The standard form

of policy provides that the insured, after a loss, shall, if required, furnish a certificate of the magistrate or notary public living nearest the place of the fire, stating that he has examined the circumstances and believes the insured has honestly sustained the loss, and shall also certify the amount of the loss that such magistrate or notary believes the insured sustained. In the cited case, the adjuster required the insured to furnish a certificate altogether different and not in accord with the certificate provided for by the terms of the standard form of policy, and the court held that the terms of the policy would govern.

The tenor of all of the cited cases is, that provisions inserted in the policy or in a rider attached to the policy, which are not in accord with, or which conflict with, the provisions of the standard form of policy, are void; but that does not mean to say that the provisions of the standard form of policy may not be modified.

The true rule is that, where the provisions of the rider do not conflict with, but merely modify or add to, the provisions of the standard form, the provisions of the rider will be enforced. This holding is supported by the language of the court in the case of Corlies v. Westchester Fire Ins. Co., 92 N. J. L. 108 as follows:

"What the effect of this provision (referring to a provision in a rider attached to the standard form of policy) is leads to the inquiry whether or not the facts or conditions imposed by the 'farm form' are inconsistent with or a waiver of any of the provisions or conditions of the standard policy, for if this should prove to be the case, then such provisions or conditions of the 'farm form' as are inconsistent or a waiver must be treated as a nullity."

It follows, therefore, from the foregoing, that the amount the plaintiff is entitled to recover in the instant case is three-fourths of the cash value of the property at the time of loss.

The defendant further contends that its demurrer to the petition of the plaintiff should have been sustained, for the reason that the same does not allege the cash value of the property at the time of its loss, and therefore there was no way of determining what was three-fourths of the cash value of said property. Since it is necessary that this case be reversed and remanded for a new trial, we do not pass on this question, as the petition may be cured by amendment.

For the reasons given, the judgment of the trial court is reversed, and the cause remanded for a new trial in keeping with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 26 C. J. p. 57 §49.