## AMERICAN EAGLE FIRE INS. CO. v. LIVELY.

No. 18929.  Opinion Filed April 8, 1930.

Rittenhouse, Lee, Webster & Rittenhouse, for plaintiff in error.

Poe, Lundy & Morgan and H. R. Duncan, for defendant in error.

HERR, C.  This is an action by C. W. Lively against the American Eagle Fire Insurance Company to recover on a fire insurance policy.  The trial was to a jury,

resulting in a verdict and judgment thereon in favor of plaintiff for the sum of $3,500. Defendant appeals.

It is first contended that the plaintiff's cause of action is barred by the statute of limitations.  The original petition contained no definite allegation of value, and the case went to trial on said petition, over the objection of defendant.  Judgment was rendered in favor of plaintiff.  On appeal to this court, judgment was reversed, and the cause remanded for a new trial.  American Eagle Fire Ins. Co. v. Lively, 119 Okla. 53, 248 Pac. 313.

Upon remand of the cause, plaintiff amended his petition by alleging the value of the property at the time of the loss to be $6,000.  This amendment was made more than one year after the loss.  Defendant contends that the action is barred by limitation for the reason that the original petition stated no cause of action whatever, and that the amendment would not, therefore, relate back to the time of the filing of the original petition.  This contention has been definitely decided adversely to defendant in the case of U. S. Fire Ins. Co. v. Whitchurch, 138 Okla. 182, 280 Pac. 834. Under this authority, the amendment related back to the filing of the original petition, and plaintiff's action is not barred.

Defendant's next contention is that the court erred in the admission of certain evidence.  It appears that the proof of loss furnished by plaintiff was somewhat informal.  Defendant, however, through its adjusters, made a thorough investigation and denied liability.  At the trial, plaintiff was permitted to testify, over objection of defendant, that no request was made of him by either the adjuster or defendant insurance company for further proof of loss.  We can see no error in the admission of this evidence.

It further appears that the property destroyed consisted of library books and household furniture, the major part being books.  Immediately after the fire, plaintiff made a list of the number of books on hand at the time of the fire and their value. At the trial, he was permitted to refer to this list in testifying as to the value of the books destroyed, and, after testifying that the value as set forth in this list was obtained partly from memory and partly from catalogs, he was permitted to testify, over objection of defendant, that the value thereof at the time of the loss was $3,558. It is claimed by defendant that the admission of this evidence was improper and con-

stituted reversible error. No authority is cited.

This evidence was competent and properly admitted under section 6009, C. O. S. 1921. See, also, Hartford Fire Ins. Co. v. Baker, 127 Okla. 166, 260 Pac. 6.

Defendant also assigns as error the rejection of certain evidence offered by it. Plaintiff contends that he had on hand at the time of the fire 912 volumes of books. After the fire, it appears that about 350 volumes were identified. Plaintiff contended that a large portion of the books were entirely consumed by fire, or, to use his language, "were burned out of sight." Defendant contends that none of the books was totally consumed by fire; and that plaintiff's entire library consisted of only 350 volumes.

Defendant offered to prove by several witnesses, who examined the premises immediately after the fire, that, in their opinion, none of the books were entirely consumed by fire or burned out of sight. This evidence was excluded by the trial court, and, in our opinion, properly so, as we fail to see how these witnesses could possibly have determined that none of these books was totally consumed by the fire or burned out of sight. Especially is this true in view of the undisputed evidence that the room in which the books were located at the time of the fire was flooded by water by the firemen in extinguishing the fire.

The alleged error as to the rejection of evidence as to the weight and size of certain books is without merit.

It is next contended that the trial court erred in allowing plaintiff interest prior to judgment—interest was allowed from date of filing suit. St. Paul Fire & Marine Ins. Co. v. Robison, 72 Okla. 269, 180 Pac. 702, and Schaff v. Hudgins, 96 Okla. 173, 221 Pac. 90, are cited in support of this contention. In our opinion, these cases are controlling. Section 5972, C. O. S. 1921, provides:

"Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt."

Considering the nature of the property destroyed and the difficulty in ascertaining the actual or fair value thereof, we think interest should not have been allowed until the claim was reduced to judgment.

Judgment should be modified by computing interest only from date of judgment, and, as so modified, should be affirmed.

BENNETT, HALL, EAGLETON, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.