NATIONAL FIRE INS. CO. OF HARTFORD, CONN. v. SCHOOL DIST. NO. 68, SEQUOYAH COUNTY, OKL.

No. 2083.

Circuit Court of Appeals, Tenth Circuit.

Oct. 14, 1940.

---

BRATTON, Circuit Judge, dissenting in part.

John F. Webster, of Oklahoma City, Okl. (F. A. Rittenhouse and Walter D. Hanson, both of Oklahoma City, Okl., on the brief), for appellant.

J. Fred Green, of Sallisaw, Okl. (W. B. Wall, of Sallisaw, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

On May 17, 1938, the National Fire Insurance Company of Hartford, Connecticut,[1] issued its policy of insurance to School District No. 68, Sequoyah County, Oklahoma,[2] insuring a certain school building and the contents thereof against loss from fire for a period of one year. On April 8, 1939, the school building and contents were destroyed by fire. The District brought this action to recover on the policy. Trial by jury was waived and the cause tried to the court. The court found that the actual cash value of the building was in excess of $3,500, and the actual cash value of the contents was $499.75. From a judgment in favor of the District for $3,999.75, with interest

at six per cent per annum from April 8, 1939, the Insurance Company has appealed.

At the trial below counsel for both parties announced that the only issue involved was the value of the building.

W. N. Formby, the contractor who constructed the building, testified that it was built in 1919; that it cost between seven and eight thousand dollars; that it was constructed of brick, cement, and lumber; that the materials used were all of first grade, and that it was well constructed; that he was familiar with the condition of the building at the time of the fire and in his opinion it was worth $5,000.

Harry M. House, state planning engineer for the Works Progress Administration of Oklahoma, testified in behalf of the Insurance Company that a project proposal had been made by the District to the Works Progress Administration for the construction of a new school building for the District at a cost of $22,991.81, $16,696.90 thereof to be provided from federal funds and $6,194.91 from sponsors, with an allowance for salvage materials from the old building of $1,421.

Joe R. Davis, an architect, testified in behalf of the District that it would cost between $800 and $1,000 to realize the salvage value of $1,421; that the building prior to the fire was in good condition except a few leaks in the roof; that the walls were in good condition and free from cracks; that the woodwork and framework in the building were in good condition; and that it would have cost $6,210.51 to replace the building.

Counsel for the Insurance Company contend that the value of the building was the salvage value of $1,421.

We are not impressed with the contention that merely because it was proposed to construct a new school building largely through funds provided through the Works Progress Administration that the school building destroyed by the fire had nothing more than salvage value at the time of its destruction. The evidence established that the building was 20 years old; that it was constructed from first class materials and, with the exception of needed repairs to the roof, was in good condition. The purpose of the Works Progress Administration ac-

---

[1] Hereinafter referred to as the Insurance Company.

[2] Hereinafter referred to as the District.

tivities is to provide work for unemployed. Approximately 72 per cent of the cost of the new building was to be provided from federal funds. It is common knowledge that many municipalities and districts have provided for new buildings through federal aid in order to create jobs for unemployed where the buildings replaced had not lost their usefulness.

School buildings do not have a market value. They are not bought and sold. The actual cash value could be arrived at only from a consideration of the cost of the building, its age, its condition immediately prior to the fire, and the cost of reproduction. These facts were before the court and in our opinion sustained its finding of a cash value of $3,500. State Insurance Co. of Des Moines v. Taylor, 14 Colo. 499, 24 P. 333, 337, 20 Am.St.Rep. 281; 26 C.J. §§ 749, 750, pp. 536, 537.

Counsel for the Insurance Company further contend that the court erred in awarding interest. This question was not raised below. It is the general rule that questions not raised and properly preserved for review in the trial court will not be noticed on appeal. The reason for the rule is that the opposite party should have an opportunity to avoid, by amendment or by supplying any defects in proof, the challenged error.

Under the provisions of § 9959, O.S.1931, 23 Okl.St.Ann. § 6, as construed by the Supreme Court of Oklahoma in American Eagle Fire Ins. Co. v. Lively, 142 Okl. 246, 286 P. 797; St. Paul Fire & Marine Ins. Co. v. Robison, 72 Okl. 269, 180 P. 702, the District is entitled to recover interest only from the date of judgment. The error raised is fundamental in character. It goes to the foundation of the right of the District to recover an item of its claim. The District could not have done anything to obviate the effect of an objection to the allowance of interest had the question been seasonably raised in the court below. Hence, we are of the opinion that it is proper to notice the objection here.

The judgment will be modified by eliminating therefrom "together with interest at the rate of six per cent per annum from the 8th day of April, 1939," and as modified will be affirmed.

The costs will be assessed against the Insurance Company.

BRATTON, Circuit Judge (dissenting in part).

I am unable to agree that the error, if it was error, in awarding interest from the date of the loss rather than the date of the judgment was fundamental in character and therefore may be raised initially on appeal. That question was not determined in St. Paul Fire & Marine Ins. Co. v. Robison, 72 Okl. 269, 180 P. 702; or in American Eagle Fire Ins. Co. v. Lively, 142 Okl. 246, 286 P. 797. But it was in American Home Fire Assurance Co. v. Hargrove, 10 Cir., 109 F.2d 86. There it was contended by cross-appeal that interest should have been allowed from the date on which the insurance company denied liability rather than from the date of the judgment. We held that the question could not be raised for the first time on appeal. I see no reason to depart from the doctrine there enunciated. It is my conclusion that the judgment should be affirmed without modification.