### WHITE v. CREEDON.

#### No. 3457.

Circuit Court of Appeals, Tenth Circuit.

July 17, 1947.

Earl Goad, of Oklahoma City, Okl., for appellant.

Nathan Siegel, of Washington, D. C. (William E. Remy, David London, and Albert M. Dreyer, all of Washington, D. C., and Frank E. Hickey, of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from a judgment awarding the Price Administrator statutory damages, pursuant to the provisions of § 205(e) of the Emergency Price Control Act, as amended, 50 U.S.C.A.Appendix, § 925(e). The complaint alleged that on October 1, 1944, White rented a dwelling unit at 1446 N.W. 39th St., Oklahoma City, Oklahoma, to S. W. Osborne and demanded and received a rental of $75 per month from October 1, 1944, to October 9, 1946; that the maximum legal rental for the unit was $50 per month; and that White received an overcharge between March 1, 1945, and October 9, 1945, of $183.33; that on December 1, 1944, White rented a dwelling unit at 1444 N.W. 39th St., Oklahoma City, Oklahoma, to H. G. Campbell and demanded and received $75 per month from December, 1944, to June 1, 1945; that the maximum legal rental for the unit was $50 per month; and that White received an overcharge of $75 between March 1, 1945, and June 1, 1945.

The evidence fully established that the overcharges were demanded and received as alleged. The trial court made a general finding that White "did demand and receive rent in excess of the maximum legal rate in the instances and on the occasions al-

---

[1] No objection was made to the court's oral charge.

leged in the complaint." It made a specific finding that White demanded and received an aggregate of $183.33 in excess of the maximum legal rate for the dwelling units during the period between March 1, 1945, and October 9, 1945, and that the Administrator was entitled to recover $774.99. It then awarded judgment for $774.99.

It will be observed that the aggregate of the overcharges, as alleged and proved, was $258.33, rather than $183.33, the latter amount being the overcharge for the unit at 1446 N.W. 39th St. After the judgment was entered, White filed a motion for a new trial. He did not challenge the sufficiency of the court's findings to support the judgment.

It is quite obvious that the figure, $183.33, in the findings was an inadvertent error. Moreover, had the error been called to the court's attention, it, no doubt, would have been corrected. White suffered no injury because of the error and is precluded from raising the question here for the first time.[1]

Affirmed.

---

[1] National Fire Ins. Co. of Hartford, Conn., v. School District No. 68, 10 Cir., 115 F.2d 232, 234; New York Life Ins. Co. v. Doerksen, 10 Cir., 75 F.2d 96, 101.